UNITED STATES of America, Appellee,

v.

Walter R. WEBSTER, a/k/a Gangster, a/k/a Mr. G, Appellant.

UNITED STATES of America, Appellee,

v.

Walter R. WEBSTER, a/k/a Gangster, a/k/a Mr. G, a/k/a G, Appellant.

UNITED STATES of America, Appellee,

v.

Richard ADAMS, a/k/a Mr. Richard, Appellant.

UNITED STATES of America, Appellee,

v.

Norma THOMPSON, Appellant.

UNITED STATES of America, Appellee,

v.

Boysie ASH, Appellant.

UNITED STATES of America, Appellee,

v.

Victoria WILLS, Appellant.

UNITED STATES of America, Appellee,

v.

John V. CHRISTIAN, a/k/a Wolf, Appellant.

UNITED STATES of America, Appellee,

v.

Herbert Leon JOHNSON, a/k/a Herb, Appellant.

Nos. 79–5204 and 79–5240 to 79–5246.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1981.

Decided Jan. 14, 1982.

186

Henry Jay Myerberg, Baltimore, Md. (Harold I. Glaser, Lawrence A. Arch,

George L. Russell, Jr., Kenneth L. Thompson, Howard L. Cardin, Benjamin Lipsitz, Baltimore, Md., Mark Lee Phillips, Stanley H. Miller, Baltimore, Md., on brief), for appellants.

David B. Smith (Russell T. Baker, Jr., U. S. Atty., Glenn L. Cook, D. Christopher Ohly, Asst. U. S. Attys., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, and BUTZNER and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

Our earlier decision, in *United States v. Webster*, 639 F.2d 174 (4th Cir. 1981) has been set down for rehearing by the panel. The rehearing has concentrated on the interpretation we had made of 18 U.S.C. § 1962(c) (part of the RICO statute).

The desire for variety should be indulged with caution and restraint when explaining the meaning and reach of a statute. It would have been far preferable had the earlier panel opinion adhered strictly to the language of 18 U.S.C. § 1962(c) which makes it unlawful for any person employed by or associated with an enterprise "to conduct or participate, directly or indirectly, in the conduct of such enterprises' affairs through a pattern of racketeering activity." Unfortunately, we introduced "promoted", "improved", "advanced" and "benefitted", as practical synonyms for "conducted", influenced, no doubt, by the consideration that the enterprise, the 1508 Club Tavern and Liquor store, was organized for profit.

We simply overlooked that even businesses out to make money may conduct their affairs for other purposes. The problem in the approach we took immediately surfaces in cases where the enterprise is governmental in nature, and almost universally not organized for profit. *See United States v. Welch*, 656 F.2d 1039, 1061 (5th Cir. 1981).

The proper question should have been whether the affairs of the 1508 Club were *conducted* through the pattern of racketeering activity, not whether they were benefit-

ted or advanced or whether profit to the 1508 Club resulted. "Conducted", it is true, signifies repeated, even patterned carrying on of affairs. It may be doubted that an isolated incident amounts to "conduct". Having made that observation, we are nevertheless satisfied that the answer to the "conduct" question must here be given in the affirmative. We have reviewed the record again, and are satisfied that we correctly stated its contents when we said:

Evidence introduced at the trial tended to show that, by means of the telephone company's call-forwarding service, telephone calls to Webster's and Thompson's home telephone (which was tapped by court order) were frequently forwarded to the telephone at the 1508 Club; that Club facilities and personnel were used to accept and relay narcotics related messages; and that, on at least one occasion, a Club employee was asked by Webster to provide Club-owned drinks to one of Webster's narcotics customers who was waiting for drugs to be brought so that a transaction could take place.

*United States v. Webster*, 639 F.2d 174, 183 (4th Cir. 1981).

The evidence which the government has offered as sustaining the convictions under subsection (c) indicates that the facilities of the 1508 Club were regularly made available to, and put in the service of, the defendants' drug dealing business.

*Id.* 184.

Even if the single provision of refreshment did not constitute "conduct", the regular and repeated acceptance and relay of messages did. Accordingly, the convictions of Webster and Thompson under 18 U.S.C. § 1962(c) are affirmed, and the earlier opinion, published at 639 F.2d 174 is modified to that extent. In all other respects the earlier opinion remains undisturbed.