Arlene J. ACAMPORA, Plaintiff,

v.

BOISE CASCADE CORPORATION, Boise Cascade Corporation Office Products Division, Ian Patrick, Ronald R. Tiedje, James Tisony, Defendants.

Civ. A. No. 85–2866.

United States District Court,
D. New Jersey.

March 12, 1986.

Robert W. Lynch, Sherman, Silverstein & Kohl, Pennsauken, N.J., for plaintiff.

John L. Mulderig, Brown, Connery, Kulp, Willie, Purnell & Greene, Camden, N.J., and Mark S. Dichter, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendants Boise Cascade Corp., Boise Cascade Corp. Office Products Div., Ian Patrick and Ronald R. Tiedje.

Gary Lesneski, Robert Lehman, Archer & Greiner, Haddonfield, N.J., and Howard J. Creskoff, Rotko & Creskoff, Philadelphia, Pa., for defendant James Tisony.

## OPINION

GERRY, District Judge.

Plaintiff, Arlene J. Acampora, has filed this action against Boise Cascade Corporation, Boise Cascade Corporation Office Products Division (collectively "Boise Cascade"), Ian Patrick, Ronald R. Tiedje and James Tisony. The complaint alleges various violations of section 706 of the Civil Rights Act of 1964, tortious interference with contractual relationships and violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). The counts alleging RICO violations and tortious interference with contractual relations are directed only at defendant Tisony (counts 4–6). One additional count, count seven, claiming a violation of 42 U.S.C. § 2000e–2(d) is also directed solely at defendant Tisony.

Defendant Tisony was the operations manager at the Pennsauken office of Boise Cascade's Office Products Division, where plaintiff also worked as the purchasing manager. In her complaint, plaintiff alleges that defendant Tisony was stealing from the company, and that because of plaintiff's discovery of the thefts and the fact that she is a female, Tisony sexually harassed her and acted in a manner which caused Boise Cascade to terminate her employment.

## I. *Count Six—RICO.*

Defendant Tisony has moved to dismiss the RICO count for failure to state a claim. Plaintiff's Sixth Cause of Action states, in relevant part:

> ... 2. The defendant James Tisony was, at all times pertinent hereto, employed in an enterprise which affects interstate commerce, within the meaning of 18 U.S.C. Section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act.

> 3. The defendant James Tisony participated in the conduct of the affairs of the Corporation through a pattern of racketeering activity, as prohibited by 18 U.S.C. Section 1962(c). More specifically, defendant James Tisony did engage in such a pattern of racketeering activity by creating and engaging in a scheme to unlawfully steal and distribute said stolen goods of the defendant Boise Cascade by utilizing other employees of the Corporation and himself to appropriate and distribute said goods to create and/or falsify bookkeeping records of the Corporation so as to hide said activities and by deriving economic benefits from said activities.

> 4. As the result of plaintiff's discovery of defendant Tisony's irregular activities, defendant Tisony did engage in a course of conduct of harassing plaintiff and interfering with her relationship with her employer, defendant Boise Cascade.

> 5. The plaintiff was injured in her business and property as the result of defendant Tisony's acts and is entitled to recover treble her losses, attorney's fees and costs....

In order to state a claim under RICO, plaintiff must allege that defendant has engaged in the "prohibited activities" outlined in 18 U.S.C. § 1962, and that she has been injured "by reason of" his violation of § 1962. (18 U.S.C. § 1964.) Plaintiff claims that she has been injured by reason of defendant's violation of § 1962(c), which provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Defendant contends that plaintiff's RICO count must be dismissed because (1) plaintiff has failed to properly plead that defendant engaged in "racketeering activity"

by failing to allege the violation of a requisite "predicate act" or "predicate acts"; (2) plaintiff's alleged injury is not caused by the alleged pattern of racketeering; and (3) plaintiff has not adequately alleged defendant Tisony's participation in the conduct of an enterprise's affairs "through" a pattern of racketeering activity. We shall address these arguments in turn.

■ Defendant argues first that plaintiff's complaint fails adequately to allege defendant's involvement in a "pattern of racketeering activity." Section 1961(1) defines "racketeering activity" as the commission of one or more of a variety of criminal offenses (predicate acts), which are set out in the statute. A "pattern of racketeering activity" is defined by § 1961(5) as "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years ... after the commission of a prior act of racketeering activity." Defendant contends that plaintiff's complaint does not allege defendant's commission of "a pattern of racketeering activity" with sufficient particularity to withstand dismissal.

Under the liberal pleading requirements of the Federal Rules of Civil Procedure, a litigant need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief...." F.R. Civ.P. 8(a). As the Third Circuit stated in *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 790 (3d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1984), "under the modern federal rules, it is enough that a complaint put the defendant on notice of the claims against him. It is the function of discovery to fill in the details, and of trial to establish fully each element of the cause of action." Even under this standard, however, we find that plaintiff's complaint fails to state a claim within the ambit of RICO.

In her brief, plaintiff argues that defendant's acts constituted a violation of 18 U.S.C. § 659, which is one of the predicate offenses listed in the definition of "racke-

teering activity" under 18 U.S.C. § 1961(1). However, plaintiff's *complaint* does not mention § 659, nor does it allege facts sufficient to support a claim that defendant violated § 659. Section 659, in part, subjects to punishment

whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains ... with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property; or

whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen....

In her complaint, plaintiff does not claim that the goods allegedly stolen by defendant were part of an interstate shipment, as required by § 659. In addition, she does not allege facts that would establish that defendant Tisony twice violated § 659 within ten years, which is necessary under § 1961(5) to establish a "pattern of racketeering activity." It is not even clear from the complaint whether the defendant *himself* ever engaged in any of the acts prohibited by § 659. Finally, under § 1961(1), a violation of § 659 is considered to be "racketeering activity 'only' if the act indictable under section 659 is felonious...." Plaintiff's complaint does not state the value of the goods allegedly stolen by defendant, and thus we are unable to find that defendant's alleged violation of § 659 was felonious, and thus a predicate offense. For these reasons, we find plaintiff's complaint to be insufficient to state a cause of action under RICO. Plaintiff is directed to file a (remedial) amendment to the complaint within 20 days; failing such timely filing, this count will be dismissed.

■ Assuming that plaintiff's complaint will be properly amended to correct these defects, we now turn to defendant's other contentions. Defendant argues next that plaintiff cannot maintain this RICO action because she has not sustained an injury "by reason of" defendant's alleged viola-

tion of § 1962(c). Defendant claims, therefore, that plaintiff does not have standing to sue under § 1964 because she is not among the class of plaintiffs that RICO was designed to protect.

The Supreme Court recently addressed the issue of standing under RICO in *Sedima, S.P.R.L. v. Imrex Co., Inc.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The issue in that case was whether a plaintiff must allege a "racketeering injury" in order to sue under RICO. The Court rejected the argument that the strict standing requirements of the anti-trust field should be applied in the RICO context. Instead the Court read the standing requirements of the RICO statute broadly, stating: "If the defendant engages in a pattern of racketeering activity in a manner forbidden by these provisions, and the racketeering activities injure the plaintiff in his business or property, the plaintiff has a claim under § 1964(c)." *Sedima, supra,* —— U.S. at ——, 105 S.Ct. at 3285. The Court noted that its liberal reading of the statute was supported by case law and legislative history: "RICO is to be read broadly. This is the lesson not only of Congress' self-consciously expansive language and overall approach, *see United States v. Turkette,* 452 U.S. 576, 586–587, 101 S.Ct. 2524, 2530, 69 L.Ed.2d 246 (1981), but also of its express admonition that RICO is to 'be liberally construed to effectuate its remedial purposes,' Pub.L. 91–452, § 904(a), 84 Stat. 947." *Sedima, supra,* —— U.S. at ——, 105 S.Ct. at 3286.

In the present case, the plaintiff has alleged that defendant Tisony was engaged in a pattern of racketeering activity, that plaintiff discovered defendant's illegal activity, and that as a result, defendant harassed her and eventually caused her to lose her job. We find that plaintiff is entitled to maintain this action under the liberal standing requirements outlined in *Sedima.*

We note, first, that the injury alleged by plaintiff—loss of job—is clearly injury to "business or property" within the meaning of § 1964. Plaintiff does not allege that she was injured *directly* by defendant Tisony's stealing activities (the predicate offenses). Her injury, however, flowed from defendant's commission of a pattern of racketeering activity in connection with the conduct of an enterprise (Boise Corporation). Plaintiff claims that defendant, in his position as a manager in the corporation, engaged in an overall scheme which consisted of the commission of the predicate acts and the cover-up of those activities, which caused plaintiff to lose her job. In a similar case, *Callan v. State Chemical Manufacturing Co.,* 584 F.Supp. 619 (E.D.Pa.1984), the court found that while the predicate offense, commercial bribery, did not cause injury to plaintiff, the loss of plaintiff's employment for refusing to participate in bribe schemes was compensable under RICO as an injury "by reason of" a violation of § 1962. We are persuaded that plaintiff's alleged injury is sufficiently related to defendant's alleged illegal conduct to enable her to maintain this action.

■ Finally, defendant Tisony contends that the alleged racketeering activity is not sufficiently connected to defendant's participation in the conduct of the enterprise to state a RICO violation under § 1962(c). Defendant claims that because the alleged racketeering activity inured to his personal benefit and did not further the interests of the enterprise, it is not within the contemplation of RICO. We disagree.

It is well settled that racketeering activity need not benefit an enterprise in order to come within the ambit of RICO. In *United States v. Scotto,* 641 F.2d 47 (2d Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981), the court held that "one conducts the activities of an enterprise through a pattern of racketeering when (1) one is enabled to commit the predicate offenses solely by virtue of his position in the enterprise or involvement in or control over the affairs of the enterprise, or (2) the predicate offenses are related to the activities of that enterprise." *Id.* at 54. This test was adopted by the Third Circuit in *United States v. Provenzano,* 688 F.2d 194 (3d Cir.1982), *cert. denied,*

459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982). In that case, the defendant union official, who had been convicted of taking illegal kickbacks, argued that the Government failed to establish a connection between the enterprise (the union) and the pattern of racketeering activity, because the racketeering activity was detrimental to the enterprise and contrary to the obligations of his office. The Court of Appeals upheld his conviction on the RICO count, noting, "It is only when the predicate acts are unrelated to the enterprise or the actor's association with it that the nexus element is missing, and consequently there is no RICO violation." *Provenzano, supra,* at 200. *See also United States v. Welch,* 656 F.2d 1039 (5th Cir.1981), *cert. denied,* 456 U.S. 915, 102 S.Ct. 1767, 72 L.Ed.2d 173 (1982); *United States v. Webster,* 669 F.2d 185 (4th Cir.1982), *cert. denied,* 456 U.S. 935, 102 S.Ct. 1991, 72 L.Ed.2d 455 (1982); *United States v. Cariello,* 536 F.Supp. 698 (D.N.J.1982); *United States v. Salvitti,* 451 F.Supp. 195 (E.D.Pa.1978), *aff'd mem,* 588 F.2d 822 (3d Cir.1978); *United States v. Vignola,* 464 F.Supp. 1091 (E.D.Pa.1979), *aff'd mem,* 605 F.2d 1199 (3d Cir.1979), *cert. denied,* 444 U.S. 1072, 100 S.Ct. 1015, 62 L.Ed.2d 753 (1979). This approach is consistent with the legislative history which, as the court noted in *Vignola, supra,* at 1098,

> indicates a congressional intent to reach *all* patterns of racketeering activity engaged in by persons employed by or associated with enterprises whose activities affect interstate commerce.... There is a legitimate federal interest in preventing the corruption and subversion of interstate enterprises, and it is this corruption which RICO seeks to eradicate.

A key element, then, is whether the actor was able to engage in racketeering activity by virtue of his position in the enterprise. We find that plaintiff's complaint sufficiently alleges that defendant Tisony utilized his position within the enterprise to engage in racketeering activity, and thus states a claim under RICO.

We note that defendant's reliance on *United States v. Nerone,* 563 F.2d 836 (7th Cir.1977), *cert. denied,* 435 U.S. 951, 98 S.Ct. 1577, 55 L.Ed.2d 801 (1978) is misplaced. In *Nerone,* the court held that mere geographic proximity between the racketeering activity and the interstate enterprise was not sufficient to bring the conduct within RICO. In the instant matter, the defendant was an employee of the enterprise and allegedly used his position to steal goods and to cover up his illegal acts by falsifying bookkeeping records.

For the foregoing reasons, defendant Tisony's motion to dismiss Count Six of the complaint is denied, provided that plaintiff responsively amends her complaint within 20 days.

## II. *Count Seven—Sex Discrimination.*

■ Defendant Tisony has also moved to dismiss the seventh count of the complaint, which alleges that defendant's actions toward plaintiff violated Title VII of the Civil Rights Act (42 U.S.C. § 2000e–2(d)). Defendant claims that this court lacks jurisdiction over this claim because plaintiff has not exhausted her administrative remedies. Under 42 U.S.C. § 2000e–5, a person aggrieved by a violation of 42 U.S.C. § 2000e–2 must file a "charge" with the Equal Employment Opportunity Commission (EEOC). If the charge is dismissed, or is not acted upon within 180 days, the aggrieved party is given notice of a right to sue. At that time, "a civil action may be brought against the respondent named in the charge...." 42 U.S.C. § 2000e–5(f). Defendant claims that he was not "named" in plaintiff's charge with the EEOC, and that therefore the claim against him must be dismissed.

Plaintiff filed her charge with the EEOC on February 17, 1984. In filing this charge, she was required to fill out a simple, one page form, designed to be accessible to lay people. (Exhibit A, attached to plaintiff's complaint.) In the space marked "NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMIT-

TEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME," plaintiff typed, "Boise Cascade Corporation, Office Products Division, Ian Patrick, General Manager; Ronald E. Tiedje, Gen. Manager." Midway down the page, in the space marked "THE PARTICULARS ARE," the plaintiff wrote:

... III. DISCRIMINATION STATEMENT:

I charge that I was discriminated against because of my sex, based on the following:

1. From the time of my hire, I was subjected to harassment from co-worker, Jim Tisony, Operations Manager....

The question facing this court is whether the fact that plaintiff referred to defendant in the body of the charge, but did not place his name in the appropriate box, should preclude plaintiff from bringing this suit.

In *Glus v. Murphy*, 562 F.2d 880, 887–888 (3d Cir.1977), the court cautioned that the "jurisdictional requirements for bringing suit under Title VII should be liberally construed." It noted that the purpose behind the requirements of 42 U.S.C. § 2000e–5 are twofold: "to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation," and that the sufficiency of the EEOC charge should be determined in light of these principles:

The goal of conciliation without resort to the already overburdened federal courts is of great importance and should not be lost. However, equally important is the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance.

*Glus, supra*, at 888. The court listed four factors that should be considered in determining whether a party's failure to "name" a party before the EEOC precludes the party from maintaining the action in district court:

1. whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

2. whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

3. whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and

4. whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus, supra*, at 888.

After reviewing the circumstances of this case in light of the purposes behind the administrative exhaustion requirements and the factors listed above, we conclude that we are able to retain jurisdiction over plaintiff's claim against defendant Tisony. First, plaintiff's reference to defendant Tisony in the body of the EEOC charge was sufficient to notify the EEOC of the charges against Tisony, and to enable the EEOC to give proper notice to Tisony, investigate the charges, and to attempt to resolve the dispute prior to litigation. Several courts, when faced with a similar situation, have concluded that reference to a party in the body of an EEOC charge is sufficient to confer jurisdiction over the claim in the district court. *See, e.g., Shehadeh v. Chesapeake & Potomac Tel. Co.*, 595 F.2d 711 (D.C.Cir.1978); *Van Hoomissen v. Xerox Corporation*, 368 F.Supp. 829 (N.D.Cal.1973). *But see Dickey v. Greene*, 710 F.2d 1003 (4th Cir.1983). In addition, we find that the interests of Boise Cascade are similar enough to defendant Tisony's "that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings." *Glus, supra*, at 888. As Tisony's employer, Boise Cascade could certainly represent Tisony's in-

terests against charges that he behaved unlawfully while acting within the scope of his employment. Because we find that Boise Cascade could represent Tisony's interest, we believe it is irrelevant that plaintiff did "name" other individual defendants in the appropriate box. Finally, we fail to see how defendant Tisony was actually prejudiced by his absence from the EEOC proceedings. At the time plaintiff filed the charge with the EEOC, Tisony no longer worked at Boise Cascade, so any attempt, in the context of an EEOC proceeding, to achieve voluntary conciliation and compliance would have been futile.

Accordingly, defendant Tisony's motion to dismiss the seventh cause of action in plaintiff's complaint is denied. The accompanying order will be entered.

This matter having been brought before the court on motion by defendant James Tisony, and the court having heard oral argument and considered the submissions of the parties;

It is, this 12th day of March, 1986, hereby ORDERED:

1. Defendant's motion to dismiss Count Six will be granted, unless plaintiff files a remedial amendment to the complaint within twenty (20) days; and

2. Defendant's motion to dismiss Count Seven will be denied.