**John Ferrill WATSON,
Plaintiff-Appellant,**

v.

**GULF AND WESTERN INDUSTRIES,
Paramount Pictures Office Employees
Association, Paramount Pictures Corporation, Defendants-Appellees.**

No. 78–3331.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1980.

Decided Jan. 30, 1981.

As Amended June 23, 1981.

Donald C. Cook, Los Angeles, Cal., for plaintiff-appellant.

Mark Atkinson, Los Angeles, Cal., Diane L. Kimberlin, Beverly Hills, Cal., for defendants-appellees.

Before FLETCHER and CANBY, Circuit Judges, and SOLOMON, Senior District Judge.*

CANBY, Circuit Judge.

In this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., appellant Watson appeals the ruling of the district court granting summary judgment to appellees, Gulf and Western Industries and Paramount Pictures Corp., and dismissing his action against Paramount Office Employees Association. Watson asserts that the district court erred by (1) failing to consider his July 27, 1976 EEOC charge of discrimination and therefore improperly dismissing, as time barred, his claims against Gulf and Western Industries and Paramount Corporation; (2) finding that Gulf and Western was not a proper party to the action; and (3) dismissing the action against Paramount Office Employees Association for lack of jurisdiction. We affirm the granting of summary judgment to Gulf and Western, but reverse the granting of summary judgment of Paramount Corporation and the dismissal of Paramount Office Employees Association.

* The Honorable Gus J. Solomon, Senior District Judge for the District of Oregon, sitting by designation.

## I. Facts:

*Gulf and Western Industries and Paramount Corporation:*

Watson, a Native American, was employed by Paramount Pictures Corporation, a wholly owned subsidary of Gulf and Western Industries. His responsibilities included interviewing and hiring personnel for Paramount Studios.

Watson's complaint included the following allegations in support of his claim. In July 1974, Watson was directed by his supervisor to consider only minority applicants when hiring or rehiring personnel. Watson opposed these practices and incurred the displeasure of his superiors. On September 26, 1974, he was put on probation. He was warned that unless he stopped opposing Paramount's hiring practices, his position would be terminated. On August 1, 1974, Watson applied for an executive training position. Several white applicants were accepted; Watson was rejected, according to the complaint, on grounds of his race.

On February 28, 1976, Watson filed a charge of discrimination with the EEOC. Paramount was notified of his charge on April 5, 1976. On April 7, Watson was notified that he would be laid off effective April 9. Ten days later, Watson was rehired as a back-lot clerk. On July 12, 1976, he was again laid off. He then filed charges of discrimination with the EEOC on July 27, 1976 and July 20, 1977.

In November 1977, Watson sued in district court. He contended that he reported the alleged 1974 violations to the EEOC in his February 28, 1976 charge of discrimination and, according to his amended complaint, that he reported the 1976 violations in his July 27, 1976 charge. Paramount and Gulf and Western contended that the alleged 1976 violations were not encompassed within the July 1976 charge, and were not reported until the July 1977 charge which was not timely.

Paramount and Gulf and Western moved for summary judgment, which the district court granted. The court ruled that the claims were time barred. In addition, the court found that Gulf and Western Industries was not involved in the personnel policies of Paramount Corporation and was therefore not a proper party to the suit. The court did not explain why it did not consider the July 1976 EEOC filing:

*Paramount Office Employees Association:*

Watson also alleged that while he was having his difficulties with Paramount, he asked his union, the Association, to intervene in his behalf. The Association took no action on his complaint. In his July 1976 EEOC charge, Watson stated as one of his complaints "Co-ersion (sic) by Business agent with company (gives excuses for me laid off and not returned to my job)." Watson alleges that this was a reference to the Employees Association.

The Association contended that the statement was at best ambiguous. In addition, it noted that the EEOC never issued to Watson a Notice of Right to Sue the Association. The Association therefore moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, Fed.R. Civ.P. 12(b)(1) and (6). This motion was granted and Watson appeals. On August 29, 1980, more than two years after the motion to dismiss was granted, Watson submitted to this court an EEOC Notice of Right to Sue the Association, dated May 22, 1980.

## II. *Discussion:*

### A. *Gulf and Western Industries and Paramount Corporation:*

█ Section 706(e), 42 U.S.C. § 2000e–5(e), requires an employee to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory acts or, where, as here relief is sought from a qualified state or local agency, within 300 days of those acts. *See Love v. Pullman Co.,* 404

U.S. 522, 525, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972). We need not decide whether these time limits are subject to equitable tolling because Watson has not raised that issue.[1] The 1974 discriminatory acts which Watson alleged in his February 28, 1976 EEOC complaint occurred at least 515 days before the complaint was filed. They are clearly time barred.[2]

The 1976 allegations, however, were timely. On April 5, 1976, Paramount Corporation was notified of Watson's February 28th filing with the EEOC. On April 7, Watson was told he would be laid off effective April 9. Ten days later, Watson was rehired as a back lot clerk. On July 12, 1976, Watson was again laid off. He filed charges of discrimination relating to those lay-offs with the EEOC on July 27, 1976, well within the 300-day limit.

█ Paramount corporation and Gulf and Western assert that the July 1976 charge was not valid because it was never served on either of them as required by § 706(e). In addition, the charge was mailed to the EEOC and may not have been considered official by the Commission itself, since the charge was not subscribed to by an EEOC representative.

The EEOC's failure to serve the charge on Paramount Corporation and Gulf and Western Industries does not interfere with Watson's rights. "A Title VII complainant is not charged with the commission's failure to perform its statutory duties." *Russell v. American Tobacco Co.,* 528 F.2d 357, 365 (4th Cir. 1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 48 L.Ed.2d 176 (1976); *accord, Smith v. American Presidential Lines, Ltd.,* 571 F.2d 102, 107 n.8 (2d Cir. 1978); *Thornton v. East Texas Motor Freight,* 497 F.2d 416, 424 (6th Cir. 1974). Watson's mailing of the charge and the EEOC's failure to process the form properly are also not detrimental to Watson's claim. The EEOC permits a claimant to mail an unnotarized form

---

1. The question is an open one in this circuit. *See Villasenor v. Lockheed Aircraft Corp.,* 640 F.2d 207 n.1 (9th Cir. 1981).

2. The district court also found Watson's July 20, 1977 EEOC complaint untimely. Watson has not challenged this ruling on appeal.

to the district office. Watson properly followed the EEOC's procedure; the commission's failure to act is not his responsibility. No contention is made that the EEOC failed to receive the form; a copy with entries stamped by the EEOC was appended to the complaint.

■ The district court implicitly found that the 1976 charge was ineffective. No reason for this ruling was given. A reviewing court will affirm a grant of summary judgment only if it appears from the record, viewing all evidence and factual inferences in the light most favorable to the appellant, that there are no genuine issues of material fact and that the appellee is entitled to prevail as a matter of law. *Heiniger v. City of Phoenix*, 625 F.2d 842, 843 (9th Cir. 1980). Watson timely filed a charge with the EEOC; he is entitled to a trial on the merits of his complaint insofar as it relates to the alleged discriminatory acts occurring within the 300-days preceding July 27, 1976 and included in his complaint to the EEOC on that date.

Our decision to reverse and remand for trial, however, is limited to Paramount Corporation. The district court was correct in granting summary judgment in favor of Gulf and Western Industries, because it was not a proper party to this action.

■ Watson contends that both Paramount and Gulf are responsible for Paramount's alleged violations. We reject the contention. In the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary. *Hassell v. Harmon Foods, Inc.*, 336 F.Supp. 432 (W.D.Tenn. 1971), *aff'd*, 454 F.2d 199 (6th Cir. 1972); *Lottice v. Intersoll-Rand Co.*, 14 Fair Empl. Prac.Cas. 708 (N.D.Cal.1977). We find nothing in the present case to vary that rule. There is no indication that the parent-subsidiary relationship is a "sham" or that circumstances exist that would render the parent liable for debts of its subsidiary. *See Hassell v. Harmon Foods, Inc., supra.* If there was any evidence that Gulf and Western participated in or influenced the employment policies of Paramount, or if Gulf and Western had undercapitalized Paramount in a way that defeated potential recovery by a Title VII plaintiff, then we would be presented with a very different case. There is nothing in the present record to show such participation or influence by Gulf and Western, or to indicate that the parent-subsidiary structure renders total relief unavailable to plaintiff. Gulf and Western was accordingly not a proper party to this action, and the district court was correct in granting summary judgment in its favor.

### B. *Paramount Office Employees Association.*

■ The district court dismissed Watson's claim against the Association without stating any reason. On a motion to dismiss, review is limited to determining whether, within the context of the complaint, appellant could have proved any set of facts entitling him to relief. *Cooper v. Bell*, 628 F.2d 1208, 1210 (9th Cir. 1980); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). The grounds upon which this complaint was ruled deficient appear to be that the association had never been the subject of a complaint by Watson to the EEOC. We do not believe that the record supports this ground.

■ Watson's reference to "co-ersion (sic) by Business Agent" in his July 1976 complaint, when read sympathetically, refers to the Association. Inclusion of the Association in his factual statement is sufficient to permit its inclusion in this judicial proceeding. *Kaplan v. International Alliance of Theatrical and State Employees and Motion Picture Machine Operators*, 525 F.2d 1354, 1359 (9th Cir. 1975). The Association contends, however, that the district court lacked jurisdiction to hear the claim, because Watson had not received an EEOC notice of Right to Sue the Association. Nevertheless, it appears that the Commission had concluded its administrative proceedings, and that the Notice of Right to

Sue should have included the Association.[3] We will not penalize Watson for the Commission's oversight. *Russell v. American Tobacco Co., supra; Smith v. American Presidential Lines, Ltd., supra.* The trial court therefore improperly dismissed Watson's action against the Association insofar as it relates to discriminatory acts alleged in the July 27, 1976 complaint to the EEOC and occurring within 300 days preceding that date.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

---

**3.** Our decision that the August 16, 1977 notice was sufficient to permit suit against the Association renders it unnecessary for us to consider what effect, if any, should be accorded to the EEOC's Notice of Right to Sue issued on May 22, 1980.