. Pamela R. DAGUE, Plaintiff,

v.

RIVERDALE ATHLETIC ASSOCIA-
TION, et al., Defendants.

Civ. A. No. C82–2366A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 30, 1983.

Therese S. Barnes, Skinner, Wilson, Strickland, Hardy & Benson, Atlanta, Ga., for plaintiff.

Kirby A. Glaze, Steven M. Fincher of Glaze & McNally, Jonesboro, Ga., Donald M. Comer, Bray, Hislip, Comer & Simmons, Riverdale, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court now on motions to dismiss brought by defendants Powell, Jackson and City of Riverdale. Defendants Powell and Jackson assert as grounds for the dismissal of the action against them that they were not named by the plaintiff in her charge of sexual discrimination to the EEOC. They also urged that they are not "employers" within the meaning of 42 U.S.C. § 2000e(b). Defendant City of Riverdale's motion is based on plaintiff's failure to comply with state law requirements for an action against a municipality, and failure to receive a proper "right to sue" notice from the Attorney General prior to instituting this Title VII action.

### I. MOTIONS BY JOANNE JACKSON AND GERALD POWELL.

■ In order to file an action alleging employment discrimination under Title VII, a plaintiff must first file his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and receive from the EEOC a "right to sue" notice. *Jackson v. Seaboard Coastline Railroad Co.,* 678 F.2d 992, 999 (11th Cir.1982); 42 U.S.C. § 2000e–5(f). The filing of such a charge and receipt of a right to sue notice is a condition precedent to maintaining an action under Title VII. *See Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970). Thus, generally a plaintiff may not maintain an action against a defendant whom he has not previously named in a charge to the EEOC. While some courts regard this filing requirement as jurisdictional in nature, in this circuit it is regarded as a condition precedent. *Jackson v. Seaboard Coastline Railroad Company, supra.* The purpose of the requirement is twofold: It affords notice to the charged party of the complaint against him, and it affords an opportunity for the charged party to resolve the problem through conciliation before being exposed to liability. *Novotny v. Great American Federal Savings & Loan Association,* 22 F.E.P. 440 (W.D.Pa.1980). Thus, where a plaintiff files a civil action against a party who has not been named in a charge to the EEOC, that party ordinarily has a right to object because he has not been given the opportunity to conciliate. However, this rationale makes no sense where the objecting party is an officer of the party which was charged in the EEOC complaint, and that party was responsible for the employment practices which resulted in the charge and had an opportunity to

participate in the conciliation process. Where such persons had actual notice of the charge, and were involved or had an opportunity to be involved in the conciliation process, many courts have been unwilling to dismiss the action against them based solely on the technicality that they were not individually named in the EEOC charge. *See Coley v. M & M Mars, Inc.,* 461 F.Supp. 1073 (M.D.Ga.1978).

■ This court finds the arguments in favor of a functional approach in this area more persuasive than the arguments in favor of a purely technical approach. Given the broad remedial purposes of the Act, courts should be reluctant to dismiss such actions on mere technicalities. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970). To dismiss the claims against these defendants based solely on the fact that they were not named in the EEOC charge, without some showing of whether or not they had actual notice of the charge and an opportunity to participate in conciliation, would be to elevate form over substance and ignore the remedial purposes of the Act. The court, of course, expresses no opinion on whether or not the plaintiff will prevail on her claim against these defendants. The court is merely unwilling to dismiss the claim against them at this point on purely technical grounds.

■ Defendants Powell and Jackson also argue that they are not employers within the meaning of the Act.[1] Both defendants Powell and Jackson claim that they are officers of the Riverdale Athletic Association and do not directly employ any employees. Therefore they maintain that these claims against them individually should be dismissed. Defendants do not explain why officers of an organization should be treated any differently from the organization's agents, who are clearly subject to liability under the Act. Defendants offer no cases to support their proposition and the court is unpersuaded of its soundness. Suffice it to

say that it is inconceivable that Congress could have intended to exclude from liability the very persons who have engaged in the employment practices which are the subject of the action. Absent some showing that such was Congress' intent, this court must deny the motion to dismiss.

## II. MOTION TO DISMISS BY THE CITY OF RIVERDALE.

■ Defendant City of Riverdale (Riverdale) argues that this court should dismiss plaintiff's second cause of action against it because plaintiff failed to comply with the provisions of Georgia law governing actions against a municipal corporation. Plaintiff's second cause of action is a claim for punitive damages and is founded solely on state law. Therefore this court must look to state law to determine whether or not plaintiff has stated a claim. *Phillips v. Goodyear Tire & Rubber Co.,* 651 F.2d 1051, 1055 (5th Cir.1981). Under Georgia law "no action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment." O.C.G.A. 36–33–5. The courts have construed this section to require written notice of the charges to the municipal corporation. Where a complaint fails to allege that such written notice has been given, the Georgia courts have held that the complaint does not state a cause of action against a municipal corporation. *City of Atlanta v. Frank,* 120 Ga.App. 273, 170 S.E.2d 265 (1969). In this case plaintiff's complaint does not make any allegation that written notice was given to the City of Riverdale as required by § 36–33–5. Therefore no claim based on state law can be maintained against the City of Riverdale. The second cause of action is therefore DISMISSED.

■ Plaintiff's first cause of action is founded on federal law. It is axiomatic that state law cannot restrict rights grant-

---

**1.** 42 U.S.C. § 2000e(b) defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of such a person.*" (Emphasis added).

ed under federal law. Therefore the failure to allege in the complaint that written notice was given to the City of Riverdale is not *per se* fatal as to the federal claim.

■ Defendant Riverdale argues that the plaintiff's first cause of action, the Title VII claim, must be dismissed because plaintiff did not satisfy the prerequisites for maintaining a Title VII action as defined by 42 U.S.C. § 2000e–5(f)(1).[2] Under this section the plaintiff must first obtain a right to sue notice from the Attorney General, not the EEOC. The EEOC has no authority under this section to issue a right to sue notice against a governmental unit. If the plaintiff has not received a right to sue notice from the Attorney General he may not maintain an action against a governmental unit. Plaintiff argues, however, that this reading of the statute is "incorrect" but offers no cases or other authority to support her position, other than the bare assertion that a staff attorney for the EEOC says that the EEOC can issue such a right to sue letter. In fact, § 1601.28(d) of the EEOC procedural regulations would seem to support defendants', not plaintiff's, position. The court is convinced therefore that absent a notice from the Attorney General giving plaintiff a right to sue the City of Riverdale, plaintiff may not maintain this action against the City of Riverdale.

Rather than dismiss this action outright, however, this court feels that it is in the interest of justice to give plaintiff an opportunity to obtain a right to sue letter from the Attorney General. The court should not penalize a plaintiff who has acted in good faith simply because the wrong agency of government issued the right to sue letter. *Cf. Stapper v. Texas Dept. of Human Resources,* 470 F.Supp. 242 (D.C.Tex. 1979); *Wilson v. Allied Chemical Corp.,* 456 F.Supp. 249 (D.C.Va.1978). There is ample precedent for allowing a right to sue letter issued subsequent to the filing of the suit to cure a defect in the complaint. *See Henderson v. Eastern Freight Ways, Inc.,* 460 F.2d 258 (4th Cir.), *cert. denied,* 410 U.S. 912, 93 S.Ct. 976, 35 L.Ed.2d 275 (1972); *Vanguard Justice Society, Inc. v. Hughes,* 471 F.Supp. 670 (D.C.Md.1979). Plaintiff is therefore granted sixty days to obtain a right to sue letter from the Attorney General. If she fails to submit such letter within sixty days the claim against the City of Riverdale shall be dismissed.

In sum, the motions to dismiss by defendants Powell and Jackson are DENIED. The motion by defendant City of Riverdale to dismiss plaintiff's second cause of action against it is GRANTED. The motion by defendant City of Riverdale to dismiss plaintiff's first cause of action based on Title VII is DENIED WITHOUT PREJUDICE to reassert if after sixty (60) days plaintiff has not filed a right to sue letter from the Attorney General.

---

2. This section provides in pertinent part:

In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States District Court. ... If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if one hundred eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the *Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision,* or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge. ... (Emphasis added).