Margaret WASILCHUK, Plaintiff,

v.

HARVEY'S WAGON WHEEL, INC.; Edward E. Stevenson; William B. Ledbetter; Dominic Tanzi; Ann Beinert; Beverlee Ledbetter; Jessica L. Ledbetter; Richard Kudrna; Bill Ratto; Jack Morgan; and Charles Scharer, Defendants.

No. CV–R–84–517–ECR.

United States District Court,
D. Nevada.

June 5, 1985.

Ernest E. Adler and Robert T. Johnston, Carson City, Nev., for plaintiff.

Milton Manoukian, Carson City, Nev., and Robert L. Murphy and Robert L. Platt, Los Angeles, Cal., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The defendants have moved pursuant to Fed.R.Civ.P. 12(b)(1) and (6) to dismiss the complaint. In the alternative, they have moved under Fed.R.Civ.P. 12(f) to strike paragraph 21 of the complaint, which alleges that the plaintiff is entitled to damages for emotional distress and illness caused by the defendants' discriminatory conduct. The complaint itself alleges claims for relief based on the Age Discrimination in Employment Act of 1967 (ADEA), especially 29 U.S.C. § 626, and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, found at 42 U.S.C. § 2000e, et seq. The pleading contends that the plaintiff, a woman in her early fifties, was denied a promotion from Assistant Slot Manager to Slot Manager and was forced to quit her job by reason of age and sex discrimination.

Failure of the plaintiff to exhaust administrative remedies requires dismissal of her Title VII claim, according to the defendants. They note that the Notice of Charge of Discrimination prepared by the Equal Employment Opportunity Commission (EEOC) has an "x" in the ADEA block, but the Title VII block has been left blank. The plaintiff, in opposition to the motion, points out that the claim form that she filed with the Nevada Equal Rights Com-

mission and which was later transferred to the EEOC, as well as the formal charge of discrimination prepared by the EEOC and signed by her, both allege sex discrimination in addition to age discrimination. Thus, the failure to "x" the Title VII block in the Notice is attributable to an error of omission by the EEOC.

A district court's subject matter jurisdiction in a Title VII action extends only to claims made before the EEOC. *Serpe v. Four-Phase Systems, Inc.*, 718 F.2d 935, 936 (9th Cir.1983); *Shah v. Mt. Zion Hospital & Medical Ctr.*, 642 F.2d 268, 271 (9th Cir.1981). Here, the record reveals that the plaintiff did raise her sex discrimination claim before the EEOC. She should not be penalized for the EEOC's oversight. *Watson v. Gulf & Western Industries*, 650 F.2d 990, 994 (9th Cir.1981). This Court has jurisdiction over her sex discrimination claim.

The defendants next argue that the ten individual defendants should be dismissed from the lawsuit because they were not charged with discrimination in the plaintiff's charges made to the EEOC. Those defendants are sued in the complaint both individually and in their capacities as officers or officials of defendant Harvey's Wagon Wheel, Inc. In response, the plaintiff notes that the claim form she filed with the Nevada Equal Rights Commission lists defendant Jack Morgan as her Supervisor and declares that defendant William B. Ledbetter said that "they wanted to demote me." Further, on the same claim form the plaintiff listed both Mr. Ledbetter and defendant Edward E. Stevenson as witnesses who have specific information about events leading to her discharge.

On the same general issue, the defendants contend that the complaint contains no factual allegations from which it can be inferred that any of the ten individual defendants engaged in conduct violative of the ADEA or Title VII. The plaintiff, in turn, urges that these defendants should not be dismissed if her charge to the EEOC would support an expectation that they would be involved in that Commission's in-

vestigation of the charge. Further, she insists that defendants William B. Ledbetter and Edward E. Stevenson had the authority to hire and fire, and that they discriminatorily exercised that power against her. The complaint itself alleges that all of the defendants refused her promotion and harassed her into quitting because of her age and sex.

29 U.S.C. § 630(b) authorizes the treatment of agents of an employer as employers for the purposes of the ADEA. *Barkley v. Carraux*, 533 F.Supp. 242, 245 (S.D.Tex.1982). Officials of an employer are not treated differently. *Dague v. Riverdale Athletic Ass'n*, 99 F.R.D. 325, 327 (N.D.Ga.1983). Nevertheless, the general rule is that a plaintiff may not maintain an action against a defendant whom the plaintiff has not named previously in a charge filed with the EEOC; the rule applies both in ADEA actions, *Rio v. Presbyterian Hosp. in City of New York*, 561 F.Supp. 325, 326 (S.D.N.Y.1983), and in Title VII actions, *Dague v. Riverdale Athletic Ass'n, supra* at 326. This rule affords notice to the charged person and an opportunity to resolve the problem through conciliation before being exposed to liability. *Id.; Rio, supra* at 326.

In any event, failure to name some defendants in the EEOC charge does not deprive a district court of subject matter jurisdiction. *Loiseau v. Dept. of Human Resources of State of Or.*, 558 F.Supp. 521, 527 (D.Or.1983); *Pauls v. Elaine Revell, Inc.*, 571 F.Supp. 1018, 1020–1 (N.D.Ill.1983). It has been held that inclusion of a person in the factual statement made to the EEOC is sufficient to permit his inclusion as a defendant in a subsequent judicial proceeding. *Watson v. Gulf & Western Industries*, 650 F.2d 990, 993 (9th Cir.1981). Where a defendant was involved in the acts giving rise to the EEOC charge, so that he should have anticipated being named in the subsequent lawsuit, he is not entitled to a dismissal from the suit. *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1352 (9th Cir. 1984); *Chung v. Pomona Valley Commu-*

*nity Hospital,* 667 F.2d 788, 792 (9th Cir. 1982). The *Dague* opinion, 99 F.R.D. at 326–7, explains that the general rule (that a person not named in the EEOC charge may not be made a defendant in the lawsuit that follows) makes no sense where the objecting person had responsibilities as to the employment practices, had actual notice of the EEOC charge and an had opportunity to be involved in the conciliation process. Therefore, it is necessary to ascertain whether any particular defendant, who was not named in the EEOC charge, participated in employment decisions, had actual notice of the EEOC charge and had an opportunity to participate in an attempted resolution of it; in the absence of a factual record from which to make such an ascertainment, dismissal would be inappropriate. *Id.* at 327; *Rio v. Presbyterian Hosp. in City of New York, supra* at 326. There is an insufficient factual record here. The EEOC's Notice of Charge of Discrimination was addressed to the "Chief Executive Officer" of Harvey's Casino. The complaint alleges that defendant William B. Ledbetter is the Chief Executive Officer. Since no answer has been filed, it remains merely an allegation. Development of a factual record, perhaps in connection with a motion for summary judgment, may establish that some or all of the individual defendants are entitled to dismissal. Such an order would be premature at this time, however.

The defendants, in their motion to dismiss, contend that the plaintiff's claim for damages based on becoming sick and ill must be dismissed because the Nevada Industrial Insurance Act provides the exclusive remedy available to an employee against her employer for any accident arising out of and in the course of employment. *See* NRS 616.370(1). The plaintiff denies that her alleged illness was caused by a work-related accident. She contends that the defendants' actions were intentional, not accidental.

■ " 'Accident' means an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symp-toms of an injury." NRS 616.020. In order for an incident to qualify as an "accident," the following elements must be present: (1) an unexpected or unforeseen event; (2) happening suddenly and violently; and (3) producing at the time objective symptoms of injury. *American Intern. Vacations v. MacBride,* 99 Nev. 324, 661 P.2d 1301, 1303 (1983). The *MacBride* opinion gives broad interpretations of elements (1) and (2) that could encompass the situation of the plaintiff herein. However, "injury" is defined by statute as meaning "a sudden and tangible happening of a traumatic nature...." NRS 616.110(1). What happened to the plaintiff does not pertain to a wound or physical injury as seems to be required for the happening to be deemed "traumatic." *See Periss v. Nevada Industrial Commission,* 55 Nev. 40, 24 P.2d 318, 319 (1933); *American Intern. Vacations v. MacBride, supra* at 661 P.2d 1304. Workmen's compensation laws aren't designed to relieve the consequences of losing one's job; other social legislation and recognized torts provide remedy. *Kern v. Ideal Basic Industries,* 101 N.M. 801, 689 P.2d 1272, 1273 (App.1984). In any event, the plaintiff's allegations that her sickness and illness lie outside the purview of the Nevada Industrial Insurance Act is sufficient to avoid dismissal for failure to state a claim for relief. *McGinnis v. Consol. Casinos Corp.,* 94 Nev. 640, 584 P.2d 702, 703 (1978). A claim will not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

■ Finally, the defendants ask that the plaintiff's claim for damages based on mental anguish, mortification, humiliation, shame and illness be stricken. In paragraph 21 of her complaint, the plaintiff indicates that she will seek to amend her pleading to conform to the proof as to the damages she has sustained for such emotional and physical distress. No such damages are recoverable under either Title VII or the ADEA. *James v. Kid Broadcasting*

**210**

*Corp.*, 559 F.Supp. 1153, 1157 (D.Ida.1983); *see also Padway v. Palches*, 665 F.2d 965, 968 (9th Cir.1982) (Title VII); *Naton v. Bank of California*, 649 F.2d 691, 698 (9th Cir.1981) (ADEA). The provision for liquidated damages found in 29 U.S.C. § 626(b) is the intended remedy for willful violations of the ADEA, which are the type that more likely would cause pain and suffering in addition to economic harm. *Ginsberg v. Burlington Industries, Inc.*, 500 F.Supp. 696, 701 (S.D.N.Y.1980); *see also Fellows v. Medford Corp.*, 431 F.Supp. 199, 202 (D.Or.1977).

IT IS, THEREFORE, HEREBY ORDERED that the portion of paragraph 21 of the plaintiff's complaint that claims damages for emotional and physical distress be STRICKEN.

IT IS FURTHER ORDERED that the defendants' motion to dismiss the complaint be DENIED.