**Phillip E. SHULTZ**

v.

**SUPERIOR TUBE COMPANY and Ernest Smith.**

**Civ. A. No. 88–0607.**

United States District Court,
E.D. Pennsylvania.

June 30, 1988.

Theodore M. Lieverman, Tomar, Seliger, Simonoff, Adourian & O'Brien, Media, Pa., for plaintiff.

Dennis J. Morikawa, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Phillip E. Shultz, a citizen of Pennsylvania, filed a complaint against defendants Superior Tube Company ("Superior Tube"), a corporation organized under the laws of and having its principal place of business in Pennsylvania and Ernest Smith, a citizen of Pennsylvania, concerning plaintiff's discharge from employment with Superior Tube on February 4, 1986. In Count I of the complaint, plaintiff alleges that Superior Tube discharged plaintiff in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Section 623(a). Accordingly, as to Count I, jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1343. Count II of the complaint alleges a pendent state claim of age discrimination against Superior Tube in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955(a). Defendant Ernest Smith is not mentioned in either Count I or II. In Count III of the complaint, plaintiff alleges that defendant Ernest Smith, in violation of Pennsylvania common law, intentionally interfered with plaintiff's business relations with Superior Tube by providing Superior Tube with fraudulent information concerning plaintiff.

Defendants have moved this Court, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Count III of the complaint for failure to state a claim upon which relief can be granted. Specifically, defendants claim

that plaintiff failed to allege, in the complaint, the requisite third party interference necessary to state a claim for interference with business relations. However, because this Court has determined that it lacks subject matter jurisdiction over plaintiff's claim against defendant Ernest Smith, this Court will, without reaching the merits of defendants' motion, dismiss Count III of the complaint.

In Count III, plaintiff has alleged a state tort claim against a non-diverse defendant. In *Aldinger v. Howard*, 427 U.S. 1, 9, 96 S.Ct. 2413, 2418, 49 L.Ed.2d 276 (1976), the Supreme Court addressed the issue of "whether a non-federal claim could ... be the basis for joining a party over whom no independent basis for federal jurisdiction exists, simply because the claim could be derived from the 'common nucleus of operative facts' giving rise to the dispute between the parties to the federal claim." While declining to formulate any "general, all encompassing jurisdictional rule" regarding the exercise of pendent party jurisdiction, the Court noted that the inclusion or addition of a "completely new party would run counter to the well established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress." *Aldinger*, 427 U.S. at 15, 96 S.Ct. at 2420.

In determining whether the joinder of an otherwise unreachable party should be accomplished through pendent party jurisdiction, the Supreme Court concluded that courts must consider "whether by virtue of the statutory grant of subject matter jurisdiction, upon which [plaintiff's] principal claim against the [defendant] rests, Congress has addressed itself to the *party* as to whom jurisdiction pendent to the principal claim is sought." *Aldinger*, 427 U.S. at 16, 96 S.Ct. at 2421. In other words, the courts are to deduce, through an examination of relevant statutes, "whether Congress wanted to grant this sort of jurisdiction to federal courts." *Aldinger*, 427 U.S. at 17, 96 S.Ct. at 2421. The Third Circuit, in *Ambromovage v. United Mine Workers*, further refined the relevant inquiry:

[T]he court may consider whether the plaintiff's assertion of ... pendent jurisdiction is an attempt to manufacture federal jurisdiction where it is otherwise foreclosed by the relevant statutes. The issue generally turns on statutory interpretation.

726 F.2d 972, 990 (3d Cir.1984).

Based upon a review of the relevant statute, the ADEA, this Court concludes that Congress did not authorize the federal courts to hear claims such as alleged by plaintiff against defendant Ernest Smith in Count III of the complaint. The ADEA, 29 U.S.C. Section 621 *et seq.*, prohibits age discrimination by employers, employment organizations, and labor organizations, in the hiring and discharging of employees. *See, e.g., Zinger v. Blanchette*, 549 F.2d 901, 905 (3d Cir.1977), *cert. denied*, 434 U.S. 1008, 98 S.Ct. 717, 54 L.Ed.2d 750 (1978). Indeed, Congress explicitly established a statutory scheme allowing recovery only where a plaintiff proves by a preponderance of the evidence that age was "a determinative factor" in the employer's decision to hire or discharge an employee. *Duffy v. Wheeling Pittsburgh Steel Corp.*, 738 F.2d 1393, 1395 (3d Cir.), *cert. denied*, 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984). Congress delineated the scope of the ADEA:

It is therefore the purpose of this chapter to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment.

29 U.S.C. § 621(b). Courts have recognized that 29 U.S.C. Section 630(b) authorizes the treatment of agents and supervisory officials of an employer as employers for the purposes of the ADEA. *See, e.g., Wasilchuk v. Harvey's Wagon Wheel, Inc.*, 610 F.Supp. 206, 208 (D.Nev.1985); *Dague v. Riverdale Athletic Ass'n*, 99 F.R.D. 325, 327 (N.D.Ga.1983).

In the instant case, however, plaintiff does not allege in the complaint that defendant Smith was either acting as an

agent of Superior Tube or was a supervisory official of the employer. In fact, plaintiff explicitly concedes that "[n]owhere in the complaint does plaintiff state that Smith was acting as an agent of Superior Tube" in performing the acts alleged to constitute interference with business relations. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, p. 2. Additionally, plaintiff recognizes that "there is nothing in the complaint or answer to suggest that Smith was an officer or manager of Defendant Superior Tube." *Id.* at 4. As the Third Circuit recently stated:

> [The court] must assume that the Plaintiff can prove the facts alleged in [the] Complaint. It is not, however, proper to assume that the Plaintiff can prove facts that it has not alleged ...

*Commonwealth of Pennsylvania v. Pepsico, Inc.,* 836 F.2d 173, 180 (3d Cir.1988) *quoting Associated General Contractors of California v. California State Counsel of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983). Accordingly, this Court must assume that defendant Ernest Smith is simply a co-employee of the plaintiff.

Plaintiff's attempt to include defendant Ernest Smith, a co-employee, for an alleged violation of tortious interference with a business relationship, a state tort in which no allegation of age discrimination is raised, constitutes an unwarranted attempt to expand the class of defendants potentially subject to the federal court's jurisdiction under 29 U.S.C. Section 623 as well as 28 U.S.C. Sections 1331 and 1343. The traditional concerns of federalism require strict adherence to the jurisdictional prerequisites that restrict the reach of federal courts with respect to matters traditionally governed by state law. *Owen Equipment v. Kroger,* 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978). Were this Court to permit the use of pendent party jurisdiction to include defendant Ernest Smith, the ultimate result would be an expansion of federal court jurisdiction to hear any and all claims asserted by a plaintiff simply because they arose from a common nucleus of operative facts that gave rise to the ADEA claim. The attempted inclusion of a tortious interference claim against a non-diverse co-employee in an ADEA case, therefore, constitutes an unacceptable "attempt to manufacture federal jurisdiction where it is otherwise foreclosed by the relevant statutes." *Ambromovage,* 726 F.2d at 990.

Accordingly, for the reasons stated, this Court will dismiss Count III of the complaint.