996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hacharan KANG, Plaintiff-Appellant,
v.
OMNI TECHNOLOGY and Micro Semi Corp., Defendants-Appellees.
 No. 91-15313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1992.
Decided June 17, 1993.
 
 Before: FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hacharan S. Kang appeals the district court's grant of summary judgment in favor of the movants, defendants-appellees Omni Technology ("Omni") and Micro Semi Corporation ("Micro"), Omni's parent corporation. Kang's claims below consisted of Title VII claims of racial and religious discrimination, and claims of discrimination under 42 U.S.C. §§ 1981 and 1983 and in violation of the Fifth and Fourteenth Amendments to the Constitution. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND AND PROCEEDINGS BELOW
 
 3
 Kang applied for three positions at Omni: Senior Sentry Test Engineer, Analog Test Engineer, and Software Review Technician. Kang holds a Ph.D. in Engineering. During an interview at Omni with Tom Bispo, the Quality Assurance Director, he was questioned about his race, religion, and the religious significance of a bracelet he was wearing. Kang also spoke with a former co-worker and acquaintance, Guy Clark, a software test engineer, who showed Kang around. Clark later spoke with Fran Warner, Vice President and General Manager of Operations. Warner had interviewed Kang, and Clark told her he thought that Kang was overqualified for the technician position and would become bored. He also cast some doubt on Kang's abilities, noting some basic errors Kang had made in his past work. Ultimately Pat Hanes, the Director of Engineering, reached the conclusion that Kang was overqualified for the other positions after he spoke with others who had interviewed Kang.
 
 
 4
 Kang contacted Hanes about employment at Omni, and was told that he was overqualified for the positions and had received a negative reference from a former employer; in fact, Hanes was trying to protect Guy Clark, the real source of the negative comments. Hanes asked Kang to resubmit his resume for reconsideration, which Kang never did. Omni ultimately hired three men, one of whom was Vietnamese and one of whom was Indian, for the positions.
 
 
 5
 Kang filed suit under Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981, alleging that he had been discriminated against based on his race and religion. He further claimed that Omni and Micro, as government contractors, acted under color of state law in discriminating against him in violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments.
 
 
 6
 The district court granted summary judgment in favor of Omni and Micro. First, it held that a government contract to provide services or goods does not constitute state action for purposes of a constitutional violation. Moreover, as Omni and Micro were private parties, Kang could not assert a claim under the Fifth and Fourteenth Amendments.
 
 
 7
 The district court also dismissed Micro as a party. Although Micro owns all the stock of Omni, it played no role in any employment decisions of Omni and was not a sham corporation. As such, it could not be held liable.
 
 
 8
 With respect to the Title VII and § 1981 claims, the district court held that although Kang had established his prima facie case under Title VII, Omni offered a legitimate reason for its refusal to hire Kang--his being overqualified. Because Kang failed to provide evidence that the reason proffered was pretextual he could not withstand the motion for summary judgment.
 
 STANDARD OF REVIEW
 
 9
 A district court's grant of summary judgment is reviewed de novo. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 DISCUSSION[1]
 
 10
 1. Does Kang Have Plausible Claims Against Omni and Micro Under 42 U.S.C. § 1983 and the Fifth And Fourteen Amendments?
 
 
 11
 In order for Kang to prevail on his claims of discrimination under 42 U.S.C. § 1983 and Fifth and Fourteenth Amendments, he must show that Omni and Micro violated his constitutional rights while acting under color of state law; that is, their acts, if any, must be fairly attributable to the State. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). A state can usually be held responsible for a private actor's decision only if there is a sufficiently close nexus between the State and the action of the private actor; if the state has exercised such coercive power or encouragement such that the act can be deemed that of the State; or, if the private actor exercised powers that have been traditionally the exclusive prerogative of the State. Blum v. Yaretsky, 457 U.S. 991, 1003-1005 (1982).
 
 
 12
 Kang cannot prove any of these elements. Although Omni and Micro have contracts with the government, this by itself does not raise their acts to the level of state action. Rendell-Baker v. Kohn, 457 U.S. at 840-41. Omni's failure to hire Kang, regardless of its reasons, is not actionable under § 1983 and the Fifth and Fourteenth Amendments.
 
 
 13
 2. Was Micro Wrongfully Dismissed as a Defendant?
 
 
 14
 Kang argued below that Micro's relationship as parent company to Omni and its responsibility for the "general" hiring policy at Omni renders it liable for Omni's failure to hire him. Kang is mistaken. Micro would have had to play a role in the decision not to hire Kang, which it did not. Micro's parent-subsidiary relationship, without more, is not enough to support a finding of culpability. Watson v. Gulf & Western Industries, 650 F.2d 990, 993 (9th Cir.1981). Kang did not show that the parent-subsidiary relationship was a sham, or that the "general" hiring policy was discriminatory. As such, Micro was rightfully dismissed as a defendant.
 
 
 15
 3. Kang's claims under 42 U.S.C. § 1981 and Title VII
 
 
 16
 Kang established a prima facie case of disparate treatment discrimination under Title VII and 42 U.S.C. § 1981 by showing that he was a member of a protected class, that he applied for the test engineer and software review technician positions at Omni which were denied to him, and that Omni continued to seek applicants. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir.1985), amended, 784 F.2d 1407 (9th Cir.1986).[2] Omni offered as its legitimate reason for not hiring Kang the fact that he was overqualified and would become bored. Kang had a burden of producing some evidence of "specific facts showing that there remains a genuine factual issue for trial" and evidence " 'significantly probative' as to any [material] fact claimed to be disputed." Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983), quoting Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir.1979), cert. denied, 445 U.S. 951 (1980). Kang argues that his being overqualified was a pretextual reason for Omni's failure to hire him, and that Hanes' lying to him about a bad recommendation from an employer and his conversation with Tom Bispo are evidence of pretext.
 
 
 17
 It is true that Hanes did lie to Kang as to his reason for rejecting him. However, he has admitted that he lied and has set forth his reason for lying: to protect Guy Clark who had previously worked with Kang and had been the source of the negative comments. Hanes has given his non-pretextual reasons for rejecting Kang. The district court was wrong to the extent it suggested that Kang had to produce evidence of discrimination in addition to showing pretext on the part of the employer. Kang was obliged, however, at the summary judgment stage, to adduce some evidence that Hanes' reasons, which fully explained why Kang was not considered suitable for employment, were pretextual. This he did not do.[3] Nor did he present other evidence from which a fact-finder could infer discrimination.
 
 
 18
 Kang testified at his deposition that the exchange in his interview regarding his race and religion went as follows:
 
 
 19
 Q. (By Amy Lambert) So he mentioned to you--all right, I'm kind of confused about where the conversation went. He asked you about your religion, you said you really didn't answer directly?
 
 
 20
 A. I would not say anything, I just kept quiet.
 
 
 21
 Q. Then he mentioned the bracelet you wear on your arm?
 
 
 22
 A. This I did mention, because it is a part of our religion.
 
 
 23
 Q. He asked you what religion, you said Sikh?
 
 
 24
 A. Yeah.
 
 
 25
 Q. Okay.
 
 
 26
 A. He then talked about temple. Then he said at that time there were some problems between Sikhs and other religions--people in India. He talked [sic] don't you think the Sikhs are being mistreated in India, why [sic]. I would normally--I did not reply those [sic] questions.
 
 
 27
 Q. Okay. Did he make any reference to any specific mistreatment of Sikhs in India during the conversation, did he say this is happening?
 
 
 28
 A. There's so much--he may--my reply was that I'm here [sic] in this country since last twelve, thirteen years [sic]....
 
 
 29
 Appellee's ER 30-A.
 
 
 30
 This is the sole piece of evidence offered by Kang. Even if these statements were made, because they are not derogatory they do not show a discriminatory motive; as such, Kang could not withstand a motion for summary judgment on either the Title VII or the § 1981 claim. Stallcop v. Kaiser Foundation Hospitals, 820 F.2d 1044, 1050-51 (9th Cir.), cert. denied, 484 U.S. 986 (1987).
 
 CONCLUSION
 
 31
 Kang did not meet his burden of producing sufficient evidence to show that Micro and Omni were acting under color of state law, that Micro's role as a parent company involved it in the decision not to hire Kang, or that Omni's reason for not hiring Kang was pretextual or based on an illegal discriminatory motive. Although Omni's hiring procedures may be less than exemplary, the grant of summary judgment was not in error.
 
 
 32
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees argue that because Kang told the District Court at oral argument that the primary basis for his complaint was Title VII, and because Kang made no other arguments regarding his other claims, that his claims under 42 U.S. §§ 1981 and 1983 have been waived. Red Brief at 4, n. 2. However, the District Court addressed all his claims. Given that Kang is proceeding pro se at this point, we decline to construe his brief so narrowly. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990)
 
 
 [2]
 Appellees abandon their claim that Kang, by failing to resubmit his resume, did not complete the application process. Red Brief at 4, n. 2
 
 
 [3]
 Kang's opening brief includes a comparison of his qualifications to those of the people hired to fill the positions. This was not part of the record below and will not be considered. Even if it were, however, it would not be probative of underlying discriminatory intent. Overqualification can be a legitimate reason for refusing to hire someone. See, e.g., Woody v. St. Clair County Commission, 885 F.2d 1557, 1561 (11th Cir.1989); but see Taggart v. Time, Inc., 924 F.2d 43, 47 (2d Cir.1991) ("Overqualification" is not a legitimate reason for refusing to hire someone when the term is a euphemism for "too old")