EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Keyla Rosario Toledo, et al.<br>      Demandantes-Recurridos<br><br>      v.<br><br>Distribuidora Kikuet, Inc., et al.<br>    Demandados-Peticionarios | Certiorari<br><br>2000 TSPR 193 |

Número del Caso: CC-1998-388

Fecha: 29/diciembre/2000

Tribunal de Circuito de Apelaciones:

                          Circuito Regional VII

Juez Ponente:

                          Hon. Andrés E. Salas Soler

Abogados de la Parte Peticionaria:

                          Lcdo. Godwin Aldarondo Girald
                          Lcdo. José Manuel Arias Soto

Abogados de la Parte Recurrida:
                          Lcdo. Manuel Porro Vizcarra
                          Lcda. Daliah Lugo Auffant
                          Lcdo. José Luis Galarza García


Materia: Hostigamiento Sexual, Despido Injustificado y Reclamación
         de Salarios


        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Keyla Rosario Toledo, *et al.*

    Demandantes-Recurridos

       v.                           CC-1998-388

Distribuidora Kikuet, Inc.
*et al.*

    Demandados-Recurrentes

RESOLUCION

San Juan, Puerto Rico, a 29 de diciembre de 2000.

A la Moción de Reconsideración presentada el 12 de julio de 2000, no ha lugar.

Reiteramos nuestro criterio establecido en *Rosario Toledo v. Distribuidora Kikuet*, res. el 29 de junio de 2000, 2000 T.S.P.R. 107, 2000 J.T.S. 118. En virtud de la Ley Núm. 17 de 22 de abril de 1988, 29 L.P.R.A. secs. 155(a) *et seq.*, el hostigamiento sexual se ha conceptualizado en Puerto Rico como una modalidad del discrimen por razón de sexo. Por consiguiente, la Ley Núm. 17, *supra*, se promulgó al amparo de la Ley Núm. 100 de 30 de junio de 1959 (ley general antidiscrimen) y de la Ley Núm. 69 de 6 de julio de 1985 (prohíbe el discrimen por razón de género). Estas leyes son de naturaleza indemnizatoria y constituyen parte de un esquema legislativo dirigido a implantar la política pública del Estado en contra del discrimen. *Suárez Ruiz v. Figueroa Colón*, res. el 25 de marzo de 1998, 98 T.S.P.R. 30, 98 J.T.S. 32, pág. 719. Además, establecen el concepto de responsabilidad patronal vicaria por los actos de discrimen de agentes, representantes o supervisores.

Por su parte, en virtud del Título VII de la Ley de Derechos Civiles de 1964, 42 U.S.C. 2000(a) *et seq.*, en los Estados Unidos se ha formulado un cuerpo de reglas y jurisprudencia estableciendo la responsabilidad patronal vicaria en los casos de discrimen. El concepto de responsabilidad patronal utilizado es de naturaleza vicaria cuando el hostigamiento es cometido por un agente o supervisor del patrono, independientemente de si los actos fueron autorizados, prohibidos o realizados sin el consentimiento del patrono. Ello es así, por cuanto el patrono es el responsable de establecer las normas de trabajo, de contratar y despedir al personal, disponer de todas las condiciones que rigen no sólo la seguridad en el lugar de empleo sino las relaciones entre los trabajadores. Es responsabilidad del patrono, como figura que ejerce la mayor autoridad y control sobre el lugar de trabajo, asegurarse que el lugar de empleo esté libre de riesgo para sus trabajadores y que éstos puedan trabajar en un ambiente de respeto y dignidad.[1] Es el patrono, quien por ejercer el mayor control sobre los trabajadores y recibir los frutos de la labor colectiva, tiene que asegurar un ambiente de respeto y dignidad en el trabajo.

En cuanto a si un individuo puede ser responsable de hostigamiento sexual, en su carácter personal, existe un gran debate entre los diferentes circuitos federales. Muchos circuitos han establecido que bajo el Título VII no existe una responsabilidad individual.[2] Otro número considerable de jurisdicciones ha resuelto lo contrario.[3] Los tribunales federales que se han negado a imponer responsabilidad individual bajo el Título VII, han razonado que el propósito de la disposición sobre la figura del *agente* es incorporar la responsabilidad patronal vicaria para que sea el patrono quien responda por los actos de sus supervisores. Ello así, porque al estatuto limitar la responsabilidad a patronos con quince (15) o más empleados, se quiso excluir la responsabilidad individual.

Por su parte, los tribunales que han determinado que sí existe responsabilidad individual bajo el Título VII, se fundamentan principalmente en el hecho de que el hostigamiento sexual es un acto torticero, razón por la cual le aplican los principios generales de la figura del *agente*. Ello implica que tanto el agente como el patrono son responsables por dichos actos. Este curso decisorio encuentra apoyo en el hecho de que el Título VII define *patrono* como una persona involucrada en una industria que afecta el comercio y que tiene quince (15) o más empleados, y **cualquier agente de esa persona**. 42 U.S.C. sec. 2000e(b). Así también, algunos comentaristas entienden que en *Meritor v. Vinson*, 477 U.S. 57 (1986),[4] el Tribunal Supremo federal resolvió que los principios generales de *agencia* deben ser aplicados a los casos de hostigamiento sexual bajo el Título VII[5] y que, al analizar el lenguaje del Título VII, se entiende que el Congreso tuvo la intención de que existiera la responsabilidad individual.[6]

---

[1] Informe de la Comisión Especial de Asuntos de la Mujer ante el Senado de Puerto Rico, 9 de marzo de 1988.

[2] *Véase: Dici v. Pennsylvania*, 91 F.3d 542 (3rd Cir. 1996); *Haynes v. Williams*, 88 F.3d 898 (10th Cir. 1996); *Smith v. Lomax,* 45 F.3d 402 (11th Cir. 1995); *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2nd Cir. 1995); *E.E.O.C. v. AIC Security Investigation Ltd.,* 55 F.3d 1276 (7th Cir. 1995); *Bickbeck v. Marvel Lighting Corp.,* 30 F.3d 507 (4th Cir. 1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583 (9th Cir. 1993); *Busby v. City of Orlando*, 981 F.2d 764 (11th Cir. 1991).

[3] *Véase: Ball v. Renner,* 54 F.3d 664 (10th Cir. 1995); *García v. Elf Atochem North America*, 23 F.3d 446 (5th Cir. 1994); *Steele v. Offshore Shipbuilding*, 867 F.2d 1331 (11th Cir. 1989); *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir. 1989); *Hall v. Gus Constr. Co.*, 842 F.2d 1010 (8th Cir. 1988); *Jones v. Continental Corp.*, 789 F.2d 1225 (6th Cir. 1986).

[4] En este caso, la demandante incluyó tanto al patrono, como al supervisor en su carácter personal en su demanda bajo el Título VII. No obstante, el caso no fue revisado por ese fundamento, por lo cual ese asunto no fue discutido específicamente.

[5] Elizabeth R. Koller Whittenbury, *Individual Liability for Sexual Harassment Under Federal Law*, 14 Lab. Law. 357, 359 (Fall 1998).

[6] *Íd.*, pág. 359-360.

Una interpretación que milita a favor de que exista la responsabilidad individual es que, del historial legislativo del Título VII, se desprende la intención del Congreso de erradicar el discrimen a nivel nacional, al aprobar una legislación que compense a las víctimas de discrimen y que opere como disuasivo.[7] Algunos tribunales federales han catalogado de inconcebible el que el Congreso, en virtud del Título VII, tuviera la intención de eximir de responsabilidad al causante directo del discrimen.[8] Además, la clasificación del *patrono* como *persona*, puede ser un indicador de que el Congreso quiso que tanto las personas como las organizaciones fueran responsables por el hostigamiento sexual. De lo contrario, el Congreso hubiera definido al patrono como *una entidad con quince (15) o más empleados.*[9]

Cabe señalar que la Corte de Distrito federal para el Distrito de Puerto Rico ha resuelto que, a tenor de las Leyes Núm. 69 y 17, *supra*, no existe una causa de acción en contra de un demandado en su capacidad individual.[10] Se fundamenta en un análisis *in pari materia* de la Ley Núm. 100, *supra*, bajo la cual no existe una causa de acción individual, conforme a la definición de patrono allí provista.[11] Sin embargo, la Corte de Apelaciones de los Estados Unidos para el Primer Circuito, no ha resuelto esta controversia.

El segundo inciso del artículo 2 de la Ley Núm. 17, *supra*, define *patrono* como toda persona natural o jurídica de cualquier índole, el Gobierno del Estado Libre Asociado de Puerto Rico, incluyendo cada una de sus tres Ramas y sus instrumentalidades o corporaciones públicas, entre otros, que con ánimo de lucro o sin él, emplee personas mediante cualquier clase de compensación **y sus agentes y supervisores**. 29 L.P.R.A. sec. 155 a(2). Como vemos, está presente la figura del *agente* al igual que en el Título VII de la Ley de Derechos Civiles de 1964, *supra*.

Mediante la Ley Núm. 17, *supra*, se establece la política pública de prohibir el hostigamiento sexual en el empleo. A esos fines, se crea una responsabilidad para el patrono por los actos cometidos por sus agentes y supervisores. No obstante, ello no es óbice para que la parte actora responda civilmente por dichos actos. Sobre el particular, el artículo 11 de la Ley Núm. 17, *supra*, dispone:

> **Toda persona** responsable de hostigamiento sexual en el empleo, según se define en las secs. 155 a 155*l* de este título, incurrirá en responsabilidad civil:
>
> (1) Por una suma igual al doble del importe de los daños que el acto haya causado al empleado o aspirante de empleo, o
> (2) por una suma no menor de tres mil (3,000) dólares a discreción del tribunal, en aquellos casos en que no se pudieren determinar daños pecuniarios.

En la sentencia que se dicte en acciones civiles interpuestas bajo las precedentes disposiciones, el tribunal podrá ordenar al patrono que emplee, promueva o reponga en su empleo al empleado y que cese y desista del acto de que se trate. (Énfasis nuestro.) 29 L.P.R.A. sec. 155j.

A su vez, el inciso 3 del referido artículo 2, dispone que *persona* significa "persona natural o jurídica." 29 L.P.R.A. sec. 155(a)(3). Es decir, bajo ambos incisos del artículo 2, cualquier persona que sea responsable de hostigamiento sexual en el empleo, incurrirá en la responsabilidad civil que dispone el artículo

---

[7] *Íd.*, págs. 360-361.

[8] *Véase: Robinson v. Jacksonville Shipyards, Inc.*, 760 F.Supp. 1486, 1527 (M.D.Fla. 1991), citando a *Dague*

continúa...

[8]...continuación

*v. Riverdale Athletic Ass'n*, 99 F.R.D. 325, 327 (N.D. Ga. 1983).

[9] Koller Whittenbury, *supra*, pág. 361-362.

[10] *Matos Ortiz v. Commonwealth of Puerto Rico*, res. el 22 de junio de 2000, 2000 WL 876791 (D.Puerto Rico); *Canabal v. Aramark, Corp.*, 48 F.Supp.2d 94 (D.Puerto Rico 1998).

[11] *Santiago v. Lloyd,* 33 F.Supp.2d 99, 104-105 (D.Puerto Rico 1998); *Figueroa v. Mateco*, 939 F.Supp. 106, 107 (D.Puerto Rico 1996).

11, *supra.* Esta intención legislativa se colige luego de un estudio del historial legislativo de la Ley Núm. 17, *supra*. Veamos.

En los debates de la Cámara, la Representante Hernández Torres, argumentando en relación al alcance de este artículo, expresó: "[p]orque aquí se ha querido dar a entender que la persona que lleva el caso de hostigamiento sexual meramente con ir al tribunal y señalar que ha sido hostigada sexualmente con eso es suficiente para que el **tribunal le imponga una sanción a quien supuestamente la hostiga y al patrono de esa persona que supuestamente la hostiga.**" Pág. 67. De igual forma, en la página 74, la Representante Vélez de Acevedo expresó que con esta medida no sólo se pretendía prohibir el hostigamiento sexual en el empleo, sino que "le estamos dando las armas para defenderse a los que son hostigados y al hostigador, o el que pretenda ser hostigador, un foro en el cual dilucidar su situación."

Así, también, en una comparecencia del Secretario de Justicia ante el Senado de 10 de marzo de 1988 se argumenta que, al amparo de la Ley de Derechos Civiles de 1964 de Estados Unidos, *supra*, en determinadas circunstancias, responde civilmente tanto la persona que produce el hostigamiento sexual como el supervisor y patrono. Estas expresiones se pueden entender avaladas por el caso *Meritor v. Vinson,* supra.

Por lo tanto, conforme a lo resuelto por este Tribunal en la Opinión de la cual se solicita reconsideración, la aplicación del artículo 11 de la Ley Núm. 17, *supra*, no se limita al patrono real o dueño de la empresa, sino que se extiende a toda persona responsable de la conducta en cuestión, sin distinción de clase alguna. *Rosario Toledo v. Distribuidora Kikuet*, supra. Abona a esta conclusión, el hecho de que este artículo especifica las penalidades a las que estarán sujetas **todas las personas** que sean responsables de cometer el hostigamiento sexual y, distingue y especifica en su segundo párrafo, que el **patrono** podrá ser obligado a emplear, promover o reponer en su empleo al empleado. Es decir, claramente surge que el legislador tuvo en mente proveer remedios dirigidos a todas las personas –incluyendo al patrono– así como remedios dirigidos específicamente al patrono. De haber querido excluir la responsabilidad individual, el legislador no hubiese hecho la distinción en cuanto a la posible obligación del patrono de emplear, promover o reponer al empleado.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez reconsideraría El Juez Asociado señor Fuster Berlingeri no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo