**Arnold F. DIEM, Plaintiff,**

v.

**The CITY AND COUNTY OF SAN FRANCISCO, The City and County of San Francisco Employees' Workers' Compensation Division, The San Francisco Fire Department, and individuals Emmet Condon, Charles Cresci, Joseph Scallichi, Frank Carrozzi, Kevin Sullivan, Brian Narlock and John B. Skance, Defendants.**

No. C–87–3454 SAW.

United States District Court,
N.D. California.

June 8, 1988.

Reuben J. Becker, Joel D. Bierer, Silberman & Becker, Sausalito, Cal., for plaintiff.

Louise H. Renne, City Atty., Kimberly A. Reiley, Chief Trial Deputy, Dan Siegel, Aleeta Van Runkle, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. *Background.*

Plaintiff Arnold Diem, a former San Francisco firefighter, sues defendants City and County of San Francisco, the San Francisco Fire Department, and various officials, supervisors, and employees of the Fire Department, charging ongoing discrimination and harassment on the basis of religion.

Plaintiff states that he is "Jewish by heritage, ethnic descent, and religious affiliation." Complaint, ¶ 4. Among the acts alleged against defendants are repeated use of derogatory and ethnic slurs, placement of inflammatory and derogatory materials on firehouse bulletin boards, anonymous threats from fellow firefighters, and an actual physical assault accompanied by religious and ethnic slurs. Complaint, ¶ 17. Plaintiff further alleges that these acts were "condoned, permitted, encouraged, and/or ratified" by his supervisors and high officials in the fire department. Complaint, ¶ 18.

Plaintiff seeks relief under the federal civil rights acts, Title VII, and under a wide variety of pendant state laws. He seeks compensatory damages of over one million dollars and punitive damages of ten million dollars. The complaint contains 21 separate counts.

Defendants move for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c) or, alternatively, for summary judgment under Rule 56.

## II. Standards for Judgment on the Pleadings.

The standards for granting a judgment on the pleadings under Federal Rule 12(c) are similar to those for a motion to dismiss for failure to state a claim under Rule 12(b)(6). WRIGHT & MILLER, *Federal Practice and Procedure*, § 1367, pp. 688–69 (1969 and Supp.1987). Under Rule 12(c), the motion may not be made before the pleadings have been closed. In passing upon the motion, the court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* at § 1368, p. 690.

Unlike a Rule 12(b)(6) motion, which is directed at the formal sufficiency of the complaint, a motion for judgment on the pleadings is directed towards a determination of the substantive merits of the controversy. *Id.* at § 1369, p. 698. Thus, a Rule 12(c) motion should be granted only where all material allegations of fact are admitted in the pleadings and only questions of law remain. *Id.*

Where, on a motion for judgment on the pleadings, matters outside the pleadings are presented, Federal Rule of Civil Procedure 12(c) requires the motion to be treated as one for summary judgment and disposed of as provided by Federal Rule of Civil Procedure 56.

## III. Plaintiff's Causes of Action.

### A. Count I—Section 1983.[1]

In Count I, plaintiff seeks recovery under 42 U.S.C. § 1983 on the ground that certain actions of defendants were part of an ongoing pattern of religious discrimination and harassment in violation of plaintiff's constitutional rights. Complaint, ¶ 17. Defendants contend that plaintiff has not plead that he suffered a violation of his constitutional rights as a result of a municipal policy or custom, which is required to establish municipal liability under Section 1983. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978).

It is well established that a plaintiff may make out a Section 1983 claim by proving the existence of a widespread practice which, although not authorized by written law or express municipal policy, is "so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Id.* at 690–91. Plaintiff need not specifically allege a custom or usage; it is enough if it can be inferred from the allegations of the complaint. *Shaw v. Cal. Dept. of Alcoholic Beverage Control*, 788 F.2d 600, 610 (9th Cir.1986).

■ Here, plaintiff has alleged a pattern or series of incidents of allegedly unconstitutional conduct. Complaint, ¶ 17. He has also alleged that this conduct was "con-

---

**1.** Plaintiff does not contest defendants' motion to dismiss Count 1 to the extent it claims relief under 42 U.S.C. § 1981. Plaintiff's Opposition Memorandum at p. 4, n. 1. Plaintiff also agrees that Count VI, for attorney's fees pursuant to 42 U.S.C. § 1988, does not state a claim upon which relief can be granted and should be dismissed. *Id.* at p. 16.

doned, permitted, encouraged and/or ratified" by his supervisors and other officials of the San Francisco Fire Department. *Id.*, ¶ 18. These allegations are sufficient to support an inference that the conduct complained of was part of an official policy or custom, and that the municipality may be liable under Section 1983. *Id.; see also Stevens v. Rifkin*, 608 F.Supp. 710, 735–37 (N.D.Cal.1984).[2]

Likewise, plaintiff's claims against his supervisors and fellow employees must stand. The complaint alleges that Fire Department officials ratified the pattern of religious discrimination and harassment, and that plaintiff's fellow employees were agents of the municipality in carrying out these actions. Complaint, ¶¶ 15, 17. Plaintiff does not seek to recover against the City under Section 1983 on a theory of *respondeat superior,* which is barred by *Monell.* 436 U.S. at 690–91, 98 S.Ct. at 2035–36. Rather, he seeks to hold the city liable for deprivations of his constitutional rights which resulted from its official customs, as implemented by its officials and employees.

Of course, plaintiff still faces the burden of proof at trial. However, his claims are sufficient to withstand a motion for a judgment on the pleadings. Defendants' motion as to the Section 1983 claim of Count I is therefore denied.

### B. Count II—Section 1985(3).

■ Count II seeks to recover under 42 U.S.C. § 1985(3) for a conspiracy to deprive plaintiff of equal protection of the laws by reason of his Jewish heritage. Complaint, ¶ 23; *see generally Griffin v. Breckenridge,* 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798–1799, 29 L.Ed.2d 338 (1971) (listing elements necessary to state a claim under Section 1985(3)). Defendants seek dismissal of this count on the grounds that conduct which is actionable under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq.,* may not be redressed under Section 1985(3).

Defendants are correct that Section 1985(3) provides no substantive rights in and of itself. It merely provides a remedy for the rights it designates. *Great American Savings and Loan Association v. Novotny,* 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979). In *Novotny,* the Supreme Court held that the rights created by Title VII could not be asserted within the remedial framework of Section 1985(3). *Id.* at 376–78, 99 S.Ct. at 2351–52. Rather, Title VII was intended to provide a comprehensive framework for dealing with claims of discrimination in employment. *Id.* at 372–76, 99 S.Ct. at 2349–51.

Plaintiff's Section 1985(3) claim does, at least in part, rest on charges of employment discrimination. But, as noted above, he further alleges a pattern of discrimination and harassment on the basis of religion arising to the level of an official custom or policy. Complaint, ¶ 17. If proven, such discrimination on the basis of religion by the city would be a violation of the Constitution redressable under Section 1985(3). *Padway v. Palches,* 665 F.2d 965, 969 (9th Cir.1982) (plaintiff permitted to maintain a Section 1985(3) claim for allegations she was discharged by the school district on the basis of sex), *citing Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 271–73, 99 S.Ct. 2282, 2292–93, 60 L.Ed.2d 870 (1979).

Accordingly, Title VII does not provide the exclusive remedy for the injuries alleged by the plaintiff in Count II.

■ Defendants further argue that Count II must be dismissed because a city and its employees cannot conspire together for the purposes of Section 1985(3). Plaintiff has alleged such a conspiracy. Complaint, ¶ 23.

The Ninth Circuit has expressly left open the question whether a Section 1985(3) con-

---

**2.** Nothing in the Supreme Court's recent decision in *City of St. Louis v. Praprotnik,* — U.S. ——, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), requires a contrary holding. *Praprotnik* concerned when a decision on a single occasion may be enough to establish an unconstitutional

municipal policy. *Id.* at 924. Moreover, the Supreme Court in *Praprotnik* affirmed its earlier holding in *Monell* that municipal liability could be established by the existence of a settled, permanent practice that constituted a custom with the force of law. *Id.* at 926.

spiracy can ever exist between directors and employees of a single corporation. *Padway*, 665 F.2d at 968–69. Even so, this Court agrees with the rationale of the district court in *Rebel Van Lines v. City of Compton*, 663 F.Supp. 786 (C.D.Cal.1987), that the intra-corporate conspiracy exception should not apply to conspiracies within a single governmental entity. To do so would immunize official policies of discrimination and contravene the law as it now exists. *Id.* at 792–93.

Again, plaintiff bears the burden at trial of proving the existence of such a conspiracy to deprive him of the equal protection of the laws. However, for the purposes of a motion for judgment on the pleadings, the allegations of the complaint are sufficient. Defendants' motion to dismiss Count II is denied.[3]

C. Counts IV, V, and VII—Title VII.

■ Pursuant to these counts, plaintiff seeks to recover against the municipal defendants for discrimination in employment on the basis of religion under Title VII of the Civil Rights Act of 1964. Defendants seek to dismiss these counts on the basis that plaintiff has not received a "right to sue" letter from the Equal Employment Opportunity Commission (EEOC) as required by the statute. *See* 42 U.S.C. § 2000e–5(f)(1).

The evidence before the court fails to show that plaintiff has received a right to sue letter from the EEOC. Plaintiff has requested such a letter from the Commission, and the EEOC has indicated that a letter is forthcoming. Attachment to Plaintiff's Letter to the Court, May 20, 1988; Declaration of Joel D. Bierer, May 12, 1988, Exhibit 3.

■ The receipt of a right to sue letter from the EEOC is not a jurisdictional prerequisite to a suit in federal court, but rather a requirement that is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455

U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed. 2d 234 (1982). Issuance of a right to sue letter subsequent to filing of a Title VII lawsuit and before trial cures any such procedural defects, unless defendants show that premature filing of the case precluded the administrative agency from performing its functions or prejudiced defendants. *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1351 (9th Cir.1984).

There has been no such showing here. Plaintiff's complaint has presumably been pending with the EEOC since it was cross-filed with the agency through the California Department of Fair Employment and Housing (DFEH) on July 2, 1987. There is no evidence that the DFEH's decision not to proceed with an investigation affected the EEOC's actions. Mere filing of the lawsuit does not require the EEOC to terminate its mediation efforts. Nor have defendants pointed to any prejudice they have suffered from plaintiff's early filing. Numerous private efforts at conciliation of the dispute have taken place, apparently without success. Bierer Declaration, ¶ 18.

However, as noted above, plaintiff has not yet received a right to sue letter from the EEOC, although one has been requested. Yet it is a well-established principle that procedural niceties should not be employed to impede a Title VII claimant from obtaining a judicial hearing on the merits. *Berg v. Richmond Unified School District*, 528 F.2d 1208, 1212 (9th Cir.1975). Given that a right to sue letter is forthcoming from the EEOC, dismissing the complaint at this stage of litigation and requiring plaintiff to commence a new action would be a "pointless exercise in formalism." *Id.* at 1212. Defendants may renew their motion at trial if plaintiff has not received a right to sue letter by that time.

■ Defendants also argue that the individual defendants should be dismissed from the action as they were not named in the EEOC complaint. *See* Declaration of Dan Siegel, April 28, 1988, Exhibit 1. Failure to

---

**3.** The parties agree that liability under 42 U.S.C. § 1986 is derivative of liability under Section 1985, and, accordingly, that Count III must stand or fall with Count II. Defendants' Memo-

randum at 11; Plaintiff's Opposition at 10. Defendants' motion to dismiss Count III must therefore be denied.

name individual defendants in a Title VII charge prevents them from participating in the preferred process of conciliating civil rights complaints. *See, e.g., LeBeau v. Libbey–Owens–Ford,* 484 F.2d 798, 799 (7th Cir.1973).

Defendants' contentions are without merit in this case. Defendant Cresci is named in the body of the complaint. Siegel Declaration, Exhibit 1. The other defendants are named in the claim plaintiff filed with the city as a prerequisite to filing the DFEH/EEOC charge. *Id.,* Exhibit 2. This claim was referenced in and filed with the charge of discrimination, and is sufficient to put the individual defendants on notice. Declaration of Arnold Diem, May 12, 1988, ¶ 11; *Watson v. Gulf & Western Industries,* 650 F.2d 990, 993 (9th Cir.1981). In addition, the charge names plaintiff's "co-workers, immediate supervisors, and Chief of the Fire Department" as responsible for harassing plaintiff. This in itself is sufficient to put the individual defendants involved on notice of plaintiff's allegations. *See Wrighten,* 726 F.2d at 1352.[4]

Defendants' motion to dismiss Counts IV, V, and VII is denied.

### D. Count VIII.

■ Count VIII seeks recovery against the city for previously alleged acts of its employees, pursuant to California Government Code § 815.2 (West 1980 and Supp. 1987). Plaintiff here alleges that he has complied with California Government Code § 905 by filing a complaint with the city, which was later rejected.

Defendants are correct that Count VIII does not state an independent cause of action against the city. Rather, it merely recites compliance with the applicable California laws to establish the city's potential liability for the acts of its employees enumerated in other counts of the complaint. Accordingly, Count VIII is dismissed to the extent it purports to state an independent cause of action, although the averments may remain in the complaint for the purpose of alleging compliance with the applicable sections of the California Government Code.

### E.  Counts XI, XII, XIII, XIV, XV, XVI, XVIII[5], XIX, XX, and XXI.

These counts encompass a variety of pendant state law claims against defendants, including constructive wrongful discharge, intentional and negligent infliction of emotional distress, negligence, assault and battery, and slander and libel. Defendants argue that these causes of action are barred by the provisions of the California Fair Employment and Housing Act (FEHA), which provides the sole remedy for employment discrimination under California law. *See* California Government Code § 12900 *et seq.; Strauss v. A.L. Randall Company,* 144 Cal.App.3d 514, 518–19 (1983).

■ Defendants are correct that these causes of action are based solely on allegations that plaintiff was discriminated against and harassed in his work on the basis of religion. Since these state law claims are bottomed on allegations of employment discrimination, FEHA provides the sole remedy. *Hudson v. Moore Business Forms,* 609 F.Supp. 467, 474 (N.D.Cal. 1985); *Mahoney v. Crocker National Bank,* 571 F.Supp. 287, 292–294 (N.D.Cal. 1983). Plaintiff has not alleged any separate and independent common law causes of action based on actions other than religious discrimination and harassment. *See Salgado v. Atlantic Richfield Co.,* 823 F.2d 1322, 1327 (9th Cir.1987). As plaintiff has alleged that defendants' actions violated FEHA, *see* Complaint counts IX and X, he is not without a full remedy for the alleged actions of defendants.[6]

---

4. Defendants have also moved to dismiss Counts IX and X, claims under the California Fair Employment and Housing Act, as against the individual defendants on the same basis. In view of the foregoing, this motion is also denied.

5. No Count XVII appears in the complaint.

6. Count XVI, which alleges a single assault and battery, is also barred by the time limits of California Government Code §§ 910 and 911.2. These provisions require that a claim be filed within 100 days of the incident giving rise to an action in tort against a public employee and a public entity. Plaintiff's claim for an assault

However, Count XXI, which seeks recovery for violation of California Civil Code § 51.7 (West 1982 and Supp.1987), is not preempted by FEHA. This civil code section asserts that California residents have a right to be free from violence or threats of violence directed against them on account of, among other factors, their religion. Civil Code § 52(b) permits anyone whose rights under Section 51.7 have been violated to collect both actual and statutory damages. Sections 52(e) and (f) specifically provide that this statute furnishes an independent basis for recovery apart from the Fair Employment and Housing Act. Plaintiff has alleged sufficient threats of violence, notwithstanding the time-barred assault, to state a cause of action under this section. Complaint, ¶ 17.

Defendants' motion to dismiss is therefore granted as to Counts XI, XII, XIII, XIV, XV, XVI, XVIII, XIX, and XX, and denied as to Count XXI.

Accordingly,

IT IS HEREBY ORDERED that:

(1) Count I of plaintiff's complaint, insofar as it seeks recovery under 42 U.S.C. § 1981, is dismissed by consent of the parties;

(2) Count VI, for attorney's fees under 42 U.S.C. § 1988, is dismissed by consent of the parties;

(3) defendants' motion for judgment on the pleadings is granted on Count VIII to the extent Count VIII claims an independent basis for recovery against defendants;

(4) defendants' motion for judgment on the pleadings is granted as to Counts XI, XII, XIII, XIV, XV, XVI, XVIII, XIX, and XX, in that they are preempted by the California Fair Employment and Housing Act;

(5) defendants' motion for judgment on the pleadings or summary judgment on Count I, insofar as Count I seeks recovery under 42 U.S.C. § 1983, is denied;

(6) defendants' motions for judgment on the pleadings or for summary judgment is

denied as to Counts II, III, IV, V, VII, IX, X, and XXI.

and battery allegedly occurring on August 9, 1986, which was required to be filed by November 17, 1986, was not filed until December 26, 1986. It must therefore be dismissed as untimely.