Marisol de Jesus PINEDA, Plaintiff,

v.

ALMACENES PITUSA, INC.,
et al., Defendants.

No. CIV. 95–1884(SEC).

United States District Court,
D. Puerto Rico.

May 6, 1997.

Jose Martinez Custodio, Utuado, PR, for Plaintiff.

Maria Soledad Ramirez Becerra, Mercado & Soto, Old San Juan, PR, for Defendants.

## ORDER

CASELLAS, District Judge.

This sexual harassment, Title VII claim is before the Court on defendants' separate motions to dismiss (**Dockets # 8, 9**) which were duly opposed (**Docket # 20**). Defendant Almacenes Pitusa, Inc. essentially alleges that the complaint against it should be dismissed because (a) the named party is non-existent; (b) plaintiff's action was not brought within the 90–day statutory period; and (c) the action is time-barred. Co-defendants Domingo Vélez and Evelyn Lasalle—plaintiff's supervisor and store manager, respectively—assert that the complaint against them should be dismissed because (a) they are not employers as defined in Title VII of the Civil Rights Act, and (b) plaintiff failed to exhaust all administrative remedies.

On December 11, 1996, the forgoing motions were referred to Magistrate Justo Arenas for a report and recommendation (**Docket # 27**). In his thorough and well-reasoned report, which he rendered on April 11, 1997. Magistrate Arenas found "that Vélez and Lasalle were not 'employers' within the definition of Title VII," for which reason he recommended that their motions to dismiss be granted, and that the supplemental claims against then be dismissed as well. On the other hand, Magistrate Arenas found that plaintiff had "a valid Title VII claim against Pitusa because she exhausted all administrative requirements, timely notified the defendant of the suit, and properly notified the correct defendant of the suit." (**Docket # 28, at 21**). Thus, he recommended that its motion to dismiss be denied, and that the state law claims against it be allowed to proceed as supplemental to the Title VII claim.

■■■ The scope of our review of a Magistrate's recommendation is set forth in 28 U.S.C. 636(b)(1)(C). This section provides that "[a] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." However, no review is required of any issue that is not the subject of objection. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Borden v. Secretary of Health & Human Services,* 836 F.2d 4.6 (1st Cir.1987). In fact, failure to file any objections within ten days of the Magistrate Judge's Report and Recommendation waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994). *See also* Rule 510.2, Local Rules, District of Puerto Rico.

The parties to this case failed to file any objections to the Magistrate Judge's report and recommendation within the allotted time period. Furthermore, this Court has examined Magistrate Arena's report and agrees with his conclusions and recommendations, for which reason we hereby **APPROVE** and **ADOPT** them as our own.

**WHEREFORE,** for the reasons stated in Magistrate Arenas' report and recommendation, co-defendant Almacenes Pitusa, Inc.'s motion to dismiss (**Docket # 9**) is hereby **DENIED**; co-defendants Vélez and Lasalle's motions to dismiss (**Docket # 8**) are hereby **GRANTED,** and the federal and supplemental causes of action against them are therefore **DISMISSED.** Partial judgment will be entered accordingly

**SO ORDERED.**

## *MAGISTRATE'S REPORT AND RECOMMENDATION*

ARENAS, United States Magistrate Judge.

On July 14, 1995, plaintiff Marisol de Jesús Pineda (hereinafter plaintiff or de Jesús) filed this Title VII claim against defendant "Empresas Koppel d/b/a Almacenes Pitusa" and co-defendants Domingo Vélez and Evelyn Lasalle (hereinafter co-defendants or Vélez and Lasalle), alleging that she had been sexually harassed by Domingo Vélez, her supervisor at the Utuado [Empresas Koppel d/b/a] Almacenes Pitusa store at which she worked from May 1992 until her discharge on May 7, 1994. Co-defendant Evelyn Lasalle was the store manager during this time.

Jurisdiction of this court is invoked pursuant to the Civil Rights Act of 1991. 28 U.S.C. § 2000e–5. Pendent jurisdiction is invoked pursuant to 28 U.S.C. § 1367 for various state law claims.[1]

Service of process was made on August 15, 1995 upon Brenda Martínez, a secretary at Almacenes Pitusa, authorized to receive summonses. On September 12, 1994, the defendant, referring to itself as "the wrongfully named ... 'Empresas Koppel d/b/a Almacenes Pitusa,'" filed a motion "Requesting Extension of Time to Answer and/or Other-

---

1. Supplemental jurisdiction is invoked for claims arising under the following state statutes: (a) the Puerto Rico Sexual Harassment Statute, Act No. 17 of April 22, 1988, P.R. Laws Ann. tit. 29, § 155; (b) Employment Discrimination Statute, Act No. 100 of June 30, 1959, as amended, P.R. Laws Ann. tit. 29, § 146 *et. seq.;* and (c) Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142.

wise Plead." An amended complaint was filed on September 20, 1995, in which "Almacenes Pitusa, Inc." was added as a party and "Empresas Koppel d/b/a Almacenes Pitusa" was eliminated as a party.

On October 5, 1995, the defendant and co-defendants moved to dismiss the cause of action. Co-defendants Vélez and Lasalle claimed that the plaintiff has no cause of action against them because they are not employers under the definition of "employer" in Title VII and that the plaintiff failed to exhaust all administrative remedies.

In its motion to dismiss, "Empresas Koppel d/b/a Almacenes" changed its status from "the wrongfully named co-defendant" to "the non-existing party" and argued that there can be no cause of action against it because it does not exist. Additionally, it claimed that the plaintiff had not brought a timely action within the 90–day statutory period. Finally, it contended that since the existing party, "Almacenes Pitusa, Inc.," had not yet been served with process on the date of the motion's filing, the action against it is time-barred.[2] If dismissals are granted, the supplemental claims must then follow.

Plaintiff opposed the motion to dismiss on December 11, 1995, and a reply to the opposition was tendered on December 20, 1995, and later filed.

In reviewing the dispositive motions, I accept the facts in the complaint as true, and if necessary draw all reasonable inferences in favor of the non-movant. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Watterson v. Page,* 987 F.2d 1, 3 (1st Cir.1993).

## I. BACKGROUND

De Jesús worked as a store clerk at the Utuado branch of Almacenes Pitusa from May of 1992 until her dismissal on May 7, 1994. Throughout her term of employment, her performance was consistently rated as excellent by her supervisors. De Jesús alleges that in response to sexual harassment by her supervisor Domingo Vélez, she met co-defendant Lasalle at Lasalle's home and requested that she intervene and file a complaint against him. Lasalle refused, however, to do so, and warned that if de Jesús filed a complaint, she would be fired. Fearful of losing her job, de Jesús did not press the matter further, but the harassment continued.

On May 7, 1995, de Jesús confronted Vélez and requested a meeting with the regional supervisor. In response, Vélez became angry and battered de Jesús, who proceeded to file a criminal charge of battery against him. After the criminal charge was filed, de Jesús was summarily dismissed from her job.

On November 8, 1994, de Jesús filed charges of sex discrimination, sexual harassment, and retaliation with the E.E.O.C. and the Director of the Anti–Discrimination Unit of the Department of Labor and Human Resources of the Commonwealth of Puerto Rico. Conciliation was attempted and failed. The E.E.O.C. issued de Jesús a right to sue letter or April 18, 1995.

The defendants raise several issues which I will address seriatim.

## II. DEFENSES BY CO–DEFENDANTS VELEZ AND LASALLE

In their motion to dismiss, co-defendants Vélez and Lasalle claim that the plaintiff has no cause of action against them because 1) they are not employers under Title VII's definition of "employer" and 2) the plaintiff failed to exhaust the administrative requirements and failed to timely file administrative claims.

For the reasons discussed below, I recommend dismissal of the complaint, including all supplemental claims against Vélez and Lasalle, because they are not employers within the statutory definition in Title VII. Notwithstanding my recommendation to dismiss, in evaluating the second defense, I would find that the plaintiff did exhaust all administrative requirements and timely filed her administrative claims.

**2.** Subsequently, proper service of process to "Almacenes Pitusa, Inc." was made upon Ms. Martínez on November 28, 1995.

**A. Do Vélez and Lasalle Fall Within the Statutory Definition of "Employer?"**

Under Title VII, it is unlawful "for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e–2(a)(1).

Although the statute does not explicitly address the question of sexual harassment, it has been interpreted to prohibit such behavior. *Marrero–Rivera v. Department of Justice*, 800 F.Supp. 1024, 1027 (D.P.R.1992). Furthermore, since 1980, the regulations governing Title VII have explicitly prohibited sexual harassment. 29 C.F.R. § 1604.11.

De Jesús may pursue her Title VII sexual harassment claim against co-defendants Vélez and Lasalle only if they were her "employers" within the meaning of Title VII. The statute defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. § 2000e(b).

Although the law is completely silent as to individual liability,[3] de Jesús argues that the co-defendants, as the plaintiff's supervisors, may be held personally liable under Title VII as agents of Almacenes Pitusa, Inc. *Vélez* and Lasalle contend that while supervisors may ordinarily be said to be agents of their corporate employer, this agency does not render them independent "employers" as defined in Title VII.

The Court of Appeals for the First Circuit has never decided this issue.[4] *See Morrison v. Carleton Woolen Mills, Inc.*, 108 F.3d 429, 443–44 (1st Cir.1997); *Hernández v. Miranda Vélez*, 1994 WL 394855, at *6 (D.P.R. 1994). However, the weight of judicial authority has construed the agency provision in the statutory definition as meant not to impose individual liability, but to incorporate respondeat superior into the Act. In *Hernández Torres v. Intercontinental Trading, Ltd.*, 1994 WL 752591, at *5 (D.P.R.1994), the court stated:

> Title VII's identification of an agent of the employer as the "employer" itself serves the sole purpose of binding the employer through its agency relationships to discriminatory acts undertaken by not merely the employer's employee's but also those who work for the employer outside the company. Said 'employer' definition removes the possible defense of an employer who otherwise might attempt disowning responsibility for the acts of his employees or other agents. As such, the definition of 'employer' which includes the employer's agents, serves not as a vehicle to impute liability upon said agent, but rather as a means to incorporate respondeat superior liability into the Act.

Therefore, "including agents in the definition of 'employer' simply allows 'a plaintiff to recover ... by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Quiron v. L.N. Violette Co.*, 897 F.Supp. 18, 20 (D.Me.1995) (quoting *Busby v. Orlando*, 931 F.2d 764, 772 (11th Cir.1991)). *See also Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993), erroneously relied on by the plaintiff.

 As the plaintiff correctly points out, the language of Title VII must be interpreted broadly to effectuate the Act's statutory goal of eliminating discrimination in the workplace. *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir.1994). A liberal construction of Title VII does not, however, authorize judicial re-writing of the plain language of the statute. In *Hernández*

---

**3.** Note further that "there is a noticeable absence of any mention of agent liability in the floor debates over § 2000e(b)." *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1314 (2d Cir.1995).

**4.** Admittedly, within First Circuit, district courts are split. *See Miller v. CBC Cos., Inc.*, 908 F.Supp. 1054, 1065 (D.N.H.1995) (dismissing claims for individual liability); *Flamand v. Amer-ican Int'l Group, Inc.*, 876 F.Supp. 356, 361–64 (D.P.R.1994); and *Torres Hernández v. Intercontinental Trading, Ltd.*, 1994 WL 752591, at *5–6; *but see Rivera de Torres v. Telefónica de P.R.*, 913 F.Supp. 81, 87 (D.P.R.1995) and *Ruffino v. State St. Bank & Trust Co.*, 908 F.Supp. 1019, 1047–48 (D.Mass.1995).

*v. Wangen,* 938 F.Supp. 1052, 1065 (D.P.R. 1996), the court explained that:

> [we] shall not stretch the definition of 'employer' of Title VII and the Civil Rights Act of 1991 beyond Congress' intent in order to achieve a legislative goal. This court chooses to leave that role to Congress.... Title VII leaves to the corporate entities, which are held liable for the discriminatory acts of ... individuals, to deter the individuals' unlawful employment practices.

Although it is true that individual liability would increase the number of potential defendants and therefore increase deterrence, the Seventh Circuit has recently noted that "Congress struck a balance between deterrence and societal cost." *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276, 1280 (7th Cir.1995).

■ Other courts have emphasized that as a matter of policy, supervisors' discriminatory behavior is sufficiently curtailed through the imposition of liability on the supervisors' employers. As one court explained: "no employer will allow supervisory or other personnel to violate Title VII when the employer is liable for the Title VII violation. An employer that has incurred civil damages because one of its employees believes he can violate Title VII with impunity will quickly correct that employee's erroneous belief." *Miller v. Maxwell's International Co.,* 991 F.2d 583, 588 (9th Cir.1993).

De Jesús also relies on the amended damage provisions of Title VII to support her claim for the imposition of individual liability. Prior to the 1991 amendments to Title VII, the only remedy available under the statute was equitable relief, such as back pay and injunctive relief, relief not available from individual defendants. *Hernández v. Miranda Vélez,* 1994 WL 394855, at *6. Plaintiff argues that the 1991 amendments to Title VII allowing for recovery of compensatory and punitive damages evidences a Congressional intent to permit individual liability. *See* 42 U.S.C. .§ 1981a. The amendment notwithstanding, such an interpretation is inconsistent with the structure and logic of the statute.

Title VII shields all defendants with fewer than fifteen employees from liability. 42 U.S.C. § 1981a(a)(3). Moreover, for defendants with more than fourteen employees, Congress limited the amount of compensatory and punitive damages as proportional to the size of the respondent employer. 42 U.S.C. § 1981a(b)(3)(A)-(D). Given that damages are proscribed according to the total number of employees, while there is no mention of the nature or extent of damages for individual liability, it is unlikely that Congress envisioned individual liability in the 1991 amended damage provisions.*Tomka v. Seiler Corp.,* 66 F.3d at 1314–16. Indeed, it would be "bizarre if Congress placed such heightened emphasis and concern on limiting the damages recoverable against small corporate entities and, yet simultaneously, silently exposed all individual defendants to unlimited liability." *Hernández v. Wangen,* 938 F.Supp. at 1065. Thus, individual liability is inconsistent with Congress' explicit protection of small employers.

For all of the above reasons, I find persuasive the reasoning of the majority position that Title VII does not impose individual liability on an employee's supervisors.[5]

**B. Did De Jesus Fail to Exhaust Administrative Remedies?**

"Title VII requires exhaustion of administrative remedies as a condition precedent to suit in federal district court." *Jensen v. Maxwell's International, Inc.,* 991 F.2d at 587–88; and *Harvey v. Blake,* 913 F.2d 226, 227–28 (5th Cir.1990). In addition to the First Circuit, the Third, Sixth and Eighth Circuits have not yet decided the issue. *Hernández v. Wangen,* 938 F.Supp. at 1063. The Fourth Circuit is ambivalent. *Cf. Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 (4th Cir.), *cert. denied,* 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994) with *Paroline v. Unisys Corp.,* 879 F.2d 100, 104 (4th Cir.1989).

---

**5.** The majority of circuits have rejected individual supervisory liability. *See Haynes v. Williams,* 88 F.3d 898, 900–01 (10th Cir.1996); *Tomka v. Seiler Corp.,* 66 F.3d at 1313–17; *Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995); *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.,* 55 F.3d at 1281; *Cross v. Alabama,* 49 F.3d 1490, 1504 (11th Cir.1995); *Grant v. Lone Star,* 21 F.3d 649, 653 (5th Cir.), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Miller v.*

*Frank,* 912 F.2d 517, 520 (1st Cir.1990). Under Title VII, a plaintiff must file an E.E.O.C. charge naming the defendant prior to bringing suit. 42 U.S.C. § 2000e–5(f)(1) ("a civil action may be brought against a respondent named in the charge"). Co-defendants Vélez and Lasalle maintain that because the plaintiff did not list them by name in the section of the E.E.O.C. charge in which the discriminatory party is to be "named," [6] she is barred from bringing this case against them.[7]

In response, the plaintiff contends that the sexual harassment by Vélez and Lasalle, both fellow employees at Pitusa, is alleged with particularity in the body of the charge. She further notes that the co-defendants were notified of this charge as part of the investigation by the Anti-discrimination Unit of the Department of Labor and participated in the ultimately unsuccessful attempt at conciliation.

Although ordinarily a party not named in an E.E.O.C. charge may not be sued under Title VII, *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir.1989), to accept the co-defendants' argument would be to elevate form over substance. The Supreme Court has emphasized that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). Thus, courts recognize that many complainants, including de Jesús here, file E.E.O.C. charges pro se. *Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir.1991). Accordingly, Title VII's procedural requirements should be liberally construed in favor of the complainant, both in order to accomplish the purposes of the Act and in recognition that such complaints are written by laymen "not versed either in the technicalities of pleading or the [procedural] requirements of the Act. *Romero v. Union Pac. R.R.,* 615 F.2d 1303, 1311 (10th Cir. 1980). Thus, parties sufficiently named or alluded to in the factual statement are to be joined." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 906 (7th Cir.1981).

This principle is reflected in the regulation cited by the plaintiff, stating that:

> [A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.

29 C.F.R. § 1601.12(b).

The naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII. *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d at 126. Clearly these aims were met here. Vélez was named both in the caption and body of the charge, and although the right to sue letter did not mention his name, it was sent with a copy of the charge to his employer.

Although Lasalle was not identified in the caption, specific allegations of sexual harassment by her were described with particularity in the body of the charge.[8] Given the preceding analysis, I follow those courts that have held that the failure to name a supervisor in the caption of the charge is not fatal to the bringing of a Title VII case in federal court where the body of the administrative charge specifically names the supervisor and describes his challenged actions with

---

6. The E.E.O.C. "Charge of Discrimination" form requires the complainant to fill in a section in the caption entitled "NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME" (capitalized in the original).

7. Vélez, in addition to "Almacenes Pitusa," was in fact named in the caption of the E.E.O.C. charge. However, the right to sue letter was issued only against Almacenes Pitusa.

8. The following advice from the Fourth Circuit is particularly relevant today: "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring the parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else." *United States v. A.H. Fischer Lumber Co.,* 162 F.2d 872, 873 (4th Cir.1947).

particularity.[9] Here, both co-defendants were adequately notified of the charge.

Thus, I conclude that de Jesús adequately exhausted the administrative requirements and timely filed administrative claims against both Vélez and Lasalle.

## III. DEFENSES BY ALMACENES PITUSA, INC.

In their motion to dismiss, Almacenes Pitusa, Inc., claims that the plaintiff has no cause of action against it because 1) she failed to exhaust administrative requirements, 2) she failed to timely notify the defendant of the suit, and 3) she failed to properly notify the correct defendant of the suit within the statutory time limit.

The threshold questions are whether Almacenes Pitusa, Inc., had adequate notice of the charge filed with the E.E.O.C., whether de Jesús complied with the applicable statutory and procedural time limits, and whether her amended complaint may relate back to the original complaint under the provisions of Fed.R.Civ.P. Rule 15(c)(3). The answers to these questions are yes.

### A. Did de Jesús Exhaust Administrative Remedies and File a Timely Action?

As discussed above, under Title VII a plaintiff must file an E.E.O.C. charge naming the defendant prior to bringing suit. Almacenes Pitusa, Inc., maintains that dismissal of the complaint is warranted because de Jesús named "Almacenes Pitusa," a non-existing party, in the charge. In light of the policy rationale behind the filing of a charge with the E.E.O.C., such a contention can not stand.

The purpose of the requirement of filing a charge before the E.E.O.C. is twofold. First, it serves to notify the charged party of the alleged violation. Second, it gives the E.E.O.C. an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates.

*Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d at 126. *See also Hayes v. Henri Bendel, Inc.,* 945 F.Supp. 374, 378–79 (D.Mass. 1996).

■ With these twin purposes in mind, courts have recognized an exception to the general rule that parties not named in the E.E.O.C. charge are not subject to suit in a private civil action. This exception exists when a party has been given adequate notice of the charge and the opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Eggleston v. Chicago Journeymen Plumbers' Local Union,* 657 F.2d at 905. *See also Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1241–42 (2d Cir.1995); *Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1358–59 (11th Cir.1994); and *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 864 (7th Cir.1985); *Hayes v. Henri Bendel, Inc.,* 945 F.Supp. at 378;

■ The E.E.O.C. charge in this case, if technically imperfect, nonetheless fulfilled these aims. The charge referred to "Almacenes Pitusa" instead of "Almacenes Pitusa, Inc.," was filed by one of its former employees, and included allegations against two of its current employees. Additionally, Almacenes Pitusa answered the charge and participated in conciliation proceedings.

This combination of facts clearly was sufficient to put Almacenes Pitusa, Inc., on notice that their actions were being scrutinized by the E.E.O.C.

9. In addition to *Dreisbach v. Cummins Diesel Engines, Inc.,* 848 F.Supp. 593, 597 (E.D.Pa. 1994), cited by plaintiff; *see also Romero v. Union Pac. R.R.,* 615 F.2d at 1311–12; *Shehadeh v. Chesapeake & Potomac Telephone Co.,* 595 F.2d 711, 727–29 (D.C.Cir.1978) (assertion contained in the body of the E.E.O.C. charge held to be sufficient against defendant as it "plainly implicated" him in the violation); *Kaplan v. International Alliance of Theatrical,* 525 F.2d 1354, 1359 (9th Cir.1975) (noting that "the crucial element of the charge of discrimination is the factual statement contained therein."); *Kramer v. Windsor Park Nursing Home, Inc.,* 943 F.Supp. 844, 851 (S.D.Oh.1996); *Sandom v. Travelers Mortgage Servs., Inc.,* 752 F.Supp. 1240, 1248–49 (D.N.J.1990); *Kinnally v. Bell of Pennsylvania,* 748 F.Supp. 1136, 1140 (E.D.Pa.1990); *Diem v. City & County of San Francisco,* 686 F.Supp. 806, 811 (N.D.Cal.1988); and *Acampora v. Boise Cascade Corp.,* 635 F.Supp. 66, 71 (D.N.J.1986).

**B. Did de Jesús Timely Notify the Defendant of her Suit?**

On August 15, 1995, thirty (30) days after the ninety (90) day statutory limit to file case 42 U.S.C. § 2000e–5(f)(1) expired, de Jesús executed service on nonexistent party "Empresas Koppel d/b/a Almacenes Pitusa." In arguing that notice of the suit was untimely, the defendant confuses the statutory limitations period with the time limit for service provided for in the Federal Rules of Civil Procedure.

The defendant acknowledges that the plaintiff filed her complaint eighty-nine (89) days after E.E.O.C. issued her a right to sue letter, which is within the ninety (90) day statutory limit proscribed in 42 U.S.C. § 2000e–5(f)(1). Nonetheless, Pitusa proceeds to argue that because service of process to the defendant occurred thirty (30) days later, the plaintiff failed to timely notify it of the suit. However, notice is governed not by statutory time limitation of ninety (90) days, but by Rule 4(m) of the Federal Rules of Civil Procedure, which provides that service of the summons and the complaint be "made upon the defendant within 120 days after the filing of the complaint...." Here, plaintiff instituted a civil action against the non-existing party on July 14, 1995, and served process on it on August 15, 1995. This is well within the one hundred and twenty (120) day limit in Rule 4(m). Given that the plaintiff complied with both the statutory and procedural time limits, the defendant's timeliness argument is without merit.

**C. Did de Jesús Properly Notify the Correct Party of the Suit?**

On September 19, 1995, the plaintiff filed an amended complaint against the correctly named defendant, "Almacenes Pitusa, Inc." The defendant correctly notes that the amended complaint was filed 156 days after the E.E.O.C. issued de Jesús a right to sue letter, far in excess of the ninety (90) day limit imposed by 42 U.S.C. § 2000e–5(f)(1). Accordingly it prays for a dismissal of the claim.

In response, the plaintiff contends that Rule 15(c)(3) dictates that the amended complaint correctly naming "Almacenes Pitusa, Inc." as the defendant relates back to the original complaint that was filed within the 90 day statutory period in accordance with 42 U.S.C. § 2000e–5(f)(1).

■ Rule 15(c) of the Federal Rules of Civil Procedure, as amended in 1991, states in pertinent part that:

(c) **Relation Back of · Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) . . .

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c) requires the plaintiff to prove three things: first, that the amended complaint arose out of the same facts as the original complaint; second, that within 120 days of filing the complaint (or longer for good cause shown) the proposed defendant had notice of the proposed action; and third that within that same time period the proposed defendant knew or should have known that but for a mistake in the identity of the party the action would have been brought against the proper party. *Ocasio Ortiz v. Betancourt Lebrón,* 146 F.R.D. 34, 37 (D.P.R. 1992).

**1. The Defendant Had the Requisite Notice of the Plaintiff's Action.**

There is no dispute that the first requirement is met. However, the defendant asserts that Almacenes Pitusa, Inc., did not

have notice of the plaintiff's suit until proper summons was served on it on November 30, 1995, well after the 120 day procedural limit to serve notice on the original complaint of July 14, 1995 had expired.

Defendant's implicit assumption that the notice of the action required must be the notice provided by the proper service of summons is mistaken. Instead, notice, not service, is the determining factor. *Montgomery v. United States Postal Serv.*, 867 F.2d 900, 904 (5th Cir.1989). *See also* the Advisory Committee Notes to the 1966 Amendments ("The notice need not be formal."). Here Almacenes Pitusa evidenced knowledge that the original complaint was directed against it. For example, a summons in the name of the non-existing party was not rejected by Ms. Brenda Martínez, a Pitusa employee authorized to receive summonses. Also, Pitusa employed counsel to file a motion on September 12, 1995, requesting more time to answer or otherwise plead. By referring to itself as the "wrongfully named ... 'Empresas Koppel d/b/a Almacenes Pitusa,'" it recognized that but for a misnomer, it was the intended defendant in the case.

Courts have recognized many of the specific types of notice that Almacenes Pitusa had as sufficient notice of the action. *See Marks v. Prattco, Inc.*, 607 F.2d 1153, 1155 (5th Cir.1979) (Participation in E.E.O.C. hearings, filing an answer) and *Barkins v. International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir.1987) (counsel representation and receiving copies of right-to-sue letters).

■ In sum, the judicial principle behind Rule 15(c) " 'is to ensure that the statute of limitations is not used mechanically to pre-vent adjudication of claims where a real party in interest was sufficiently alerted to the proceedings, or was involved in them in a practical sense from an early stage.' " *Ayala Serrano v. Collazo Torres*, 650 F.Supp. 722, 726 (D.P.R.1986) (quoting *Hampton v. Hanrahan*, 522 F.Supp. 140, 145 (N.D.Ill.1981)). Almacenes Pitusa's responses to the original complaint makes it clear that it was aware of the lawsuit long before the procedural time limit of one hundred and twenty (120) days expired.

Relying on *Hernández Jiménez v. Calero Toledo*, 604 F.2d 99, 102–03 (1st Cir.1979), plaintiffs argue that Empresas Koppel d/b/a Almacenes Pitusa and Almacenes Pitusa, Inc., are so closely related that notice to the former constitutes notice to the latter. This concept is called sharing an 'identity of interests,' and has been described as the judicial gloss on Rule 15(c).

■ Reliance on this concept, however, is both misplaced and unnecessary. The court explained that the "identity of interests" principle is applied in circumstances where a new party is added to the complaint, such as in the instance of a "parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and ... have similar names or share office space ... or co-executors of an estate." *Hernández Jiménez v. Calero Toledo*, 604 F.2d at 103. Here, in contrast, the amended complaint seeks not to bring in a separate closely related entity, but the same entity under its proper name.[10] Ironically, the defendant claims that the purported lack of notice prejudiced

---

**10.** Although not briefed by either party, some courts have held that the requirements of Rule 15(c)(3) do not apply when the amended complaint merely corrects a misnomer of the proper defendant already before the court. Instead, courts follow the general rule permitting an amendment to relate back in order to correct misnomer of the proper defendant. *Wilson v. United States*, 23 F.3d 559, 563 (1st Cir.1994) (citing *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir.1993)) and *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir.1980). *See also Marks v. Prattco, Inc.*, 607 F.2d 1153, 1156 (5th Cir.1979). This general rule is in accordance with the intended interpretation of the amended Rule 15. The Advisory Committee Notes relating to the

1991 amendment of Rule 15 states: "The rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense." Specific to the issue at bar, the Advisory Committee Notes continue that as long as the notice requirement of Rule 4(m) is met, "a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification." While there is no doubt that a corporation has a right to be sued in its correct name, it is also true that the 1991 amendment was enacted precisely to avoid what the now correctly named defendant is attempting to secure, a dismissal.

its ability to maintain a defense. Specifically, the defendant claims that a lack of notice prevented it from making a timely investigation of the plaintiff's allegations. This contention, however, is clearly contradicted by the record. In response to the charge filed by de Jesús, in late April Almacenes Pitusa, Inc., undertook its own intensive investigation, including interviewing witnesses. *See* Exhibit 5. Under these circumstances, I am unable to perceive any prejudice to the defendant, and thus find the notice requirement to have been satisfied.

2. The Defendant Knew or Should Have Known That But For a Mistake Concerning Its Identity, the Original Action Would Have Been Brought Against It.

This final prong of Rule 15(c)(3) is most often implicated in circumstances where the defendant could reasonably believe that they were not named as a party in the original complaint for tactical reasons, or because the plaintiff lacked sufficient evidence of their alleged liability. *Ocasio Ortiz v. Betancourt Lebrón,* 146 F.R.D. at 41. In this case, neither circumstance exists. De Jesús simply mistakenly named "Empresas Koppel d/b/a Almacenes Pitusa" in her original complaint instead of the intended "Almacenes Pitusa, Inc." For the reasons discussed above, Almacenes Pitusa was not surprised when the amended complaint was filed against it in its proper corporate name. Based on their participation in the resulting administrative investigation, I find that, within the period prescribed by Rule 15(c)(3), Almacenes Pitusa, Inc., knew or should have known of its potential liability as a defendant.

## IV. CONCLUSION

Finding that Vélez and Lasalle are not "employers" within the definition of Title VII, I recommend that their motion for dismissal be granted. I further recommend that the supplemental claims against them be dismissed as the only issue conferring federal question jurisdiction has been dismissed.

However, I recommend that defendant Almacenes Pitusa, Inc.'s motion to dismiss be denied. De Jesús has a valid Title VII claim against Pitusa because she exhausted all administrative requirements, timely notified the defendant of the suit, and properly notified the correct defendant of the suit. Accordingly, I further recommend that the plaintiff's state law claims against Pitusa be allowed to proceed as supplemental to De Jesús' Title VII claim.

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Paterson–Leitch v. Massachusetts Municipal Wholesale Elec.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Secretary of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

At San Juan, Puerto Rico, this 11th day of April, 1997.